White-Crow v. White-Wing.

---

JACOB WHITE-CROW v. GEORGE WHITE-WING.

*Error from Wyandotte County.*

*Challis* v. *Wise & Crookham*, [2 *Kans.* 193,] and *Kœhler* v. *Ball*, [*Id.*, 160,] confirmed.

Where under section 449 of the Civil Code, a motion is made to confirm a sale, the court should confine itself to an examination of the return of the officer, and if that shall show *prima facie* that all the requirements of the statute have been complied with, the sale ought to be confirmed, and the motion cannot be resisted except on the face of the papers.

But the contesting party, and under section 515 of the Code, the person interested in the real estate, whether a party to the suit or not, may make a motion to set aside a sale at any time before confirmation, and orally, and pending the motion to confirm, and in considering that motion the court is not confined to the return of the officer, but extraneous facts, *semble*, (as fraudulent conduct of the officer, combination to prevent competition,) may be shown to invalidate the sale: the court is authorized to see that its process is not abused.

Only the goods and chattels or lands and tenements of the debtor, not exempt by law, are by the statute [Title XIV. Civil Code,] made subject to

sale for the satisfaction of a judgment; *Semble*, that if the real estate should be conclusively shown to be a homestead of the debtor, there is no good reason for refusing the motion made by such debtor on that ground.

*Semble*, if the showing on such motion should indicate the existence of a substantial question as to the ownership between the debtor and a third person, or that the debtor had some sort of interest in the property the motion to set aside ought to be overruled.

A decision either way, on such motion, would not affect the ultimate rights of the parties, nor be a bar to an action to determine the ownership; the court has a reasonable discretion in each case.

An application for an order under section 515 of the Code, is a motion. In absence of a rule of court, no formal motion in writing to set aside a sale, is required; the court having set aside the sale, it will be assumed that there was in effect a motion, and that whatever proof was adduced, was in support of that motion, and the evidence not appearing of record, it will be presumed sufficient. If the land was not under the laws of the United States or treaties with the Wyandottes, subject to sale, that would have been a good reason for setting the sale aside.

The body of the bill of exceptions appears in full in the opinion of the court.

The case was argued in the Supreme Court by *Jesse Cooper*, for plaintiff in error.

No counsel for defense.

*Cooper & Stockton*, for plaintiff, submitted:

The court has no power to set aside a sale, especially on a motion to confirm, and in absence of a motion to set the sale aside, the record showing that the proceedings of the officer were regular. *Comp. L., p.* 198, *sec.* 449, *Code*; *Challis* v. *Wise & Crookham*, 2 *Kans. R.*, 193; *Kœhler* v. *Ball, Id.*, 160; *Livingston* v. *Lamb*, 1 *Id.*, 221.

*By the Court*, CROZIER, C. J.

This is a proceeding to review an order of the District Court for Wyandotte county, setting aside a sale made by the sheriff of that county upon a judgment rendered therein in an action where the present plaintiff and de-

fendant were plaintiff and defendant. The facts, so far as this court can consider them, are set out in the following bill of exceptions:

" This was a motion by the plaintiff that a sale of real estate made by the sheriff of Wyandotte county on an execution issued from this court on a judgment rendered at the April term of this court, A. D. 1863, be confirmed, and on examination of the officer's return the court find that the sale was regularly made, and that the officer's return is conformable to law. The defendant objected to a confirmation of said sale because the defendant was a Wyandotte Indian, in the class of orphans, and by the patent which is referred to (patent not on file,) the said George Williams had no power to convey his allotment for five years. The plaintiff read the third and fourth articles of the treaty made between the United States of America and the Wyandotte nation of Indians, January 21, 1855, and ratified March 1st, 1855. It was conceded that the defendant was over 21 years of age or had attained his majority before the plaintiff's judgment was rendered against him. After a full hearing, the court ordered the sale to be set aside, refusing to confirm the same, to which the plaintiff excepted; exceptions allowed and signed and certified by me in open court this 6th day of October, A. D. 1863.

W. C. McDONELL,<br>Judge." [SEAL.]

The only reason assigned for reversing the order of the court below is, that the court erred in receiving testimony upon the motion to confirm the sale; the plaintiff insisting that when the return of the sheriff was conformable to law, and showed upon its face that the sale was regularly made, the court had no discretion in the matter, and should have confirmed the sale. The question presented in this case has been twice decided by this court; once in Chaliss v. Wise & Crookham, (2 Kans., 193,) and again in Kœhler v. Ball, (2 Id., 160,) but as counsel do not seem to be

satisfied the court has thought it proper to add a third, thus endeavoring to compensate in quantity any defect in quality. The provisions of the code concerning the confirmation of sales are found in section 449, and are as follows : " If the court upon the return of any writ of execution for the satisfaction of which any lands, tenements or stock in trade have been sold, shall, after having carefully examined the proceedings of the officer, be satisfied that the sale has, in all respects, been made in conformity to the provisions of this title, the court shall direct the clerk to make an entry on the journal, that the court is satisfied of the legality of such sale, and an order that the officer make to the purchaser a deed for such lands and tenements."

When under this provision, a motion is made to confirm a sale, the court should confine itself to an examination of the return of the officer, and if that shall show *prima facie*, that all the requirements of the statute have been complied with, the sale ought to be confirmed. Upon that motion the return is conclusive. The defendant in the execution, nor any other person, should be permitted to resist that motion except upon the face of the papers. But a motion to set aside a sale is a very different thing. It is a motion the defendant had a right to make at any time before the sale was confirmed. That he has a right to have it heard, no one will deny. It need not be in writing unless a rule of the court requires it to be so, but may be interposed orally, pending the motion to confirm; and the court is bound to consider it, no matter how informally made, and in the consideration of it, not only is the court not confined by the statute to the return of the officer, but the practice always has been to show extraneous facts invalidating the sale; any fraudulent conduct of the officer may be shown; a combination between the judgment creditor and a third person to prevent competition, will invalidate a sale, and that fact may be shown on a motion to set aside the sale. The statute itself expressly provides that

on such a motion the return of the officer as to the advertisement, may be contradicted; many other things will be sufficient to authorize the court to sustain the motion; and indeed the limit is so illy defined that each case must to a great extent depend upon its own circumstances. The only general rule that can be laid down is, that the court is authorized to see that its process is not abused.

It is strenuously insisted, however, that the court has no power, on such a motion, to inquire into the ownership of real estate that may have been sold, for two reasons. 1st. The defendant cannot make the motion because he is not interested if the land is not his own, and the owner cannot because he is not a party to the proceeding; and 2d. The court cannot try the title to real estate in that summary way. In regard to the first objection, it is sufficient to say that section 515 of the Code authorizes the person interested to make the motion. The owner in the case indicated is the person interested. With regard to the second objection, the subject is not without difficulties. It will be observed, however, that only the goods and chattels or lands and tenements of the debtor, not exempt by law, are by the statute made subject to sale for the satisfaction of the judgment. The sheriff is not authorized, nor is he commanded to sell any property but that of the debtor. If he shall wantonly attempt to do so, no one would deny that he would be abusing the process of the court, and that it would be the duty of the court to stop him. If, upon a judgment against A, he should levy upon property conclusively shown to belong exclusively to B, and sell the same, would, or ought any court to hesitate to set the sale aside? If upon the return of the officer, B should ask to have the sale set aside and offer to prove, by affidavit and the production of the title papers, that he was not only the owner, but that A did not have, nor pretend to have any interest whatever in it, ought not the sale to be set aside? To this extent, certainly, the court would

White-Crow v. White-Wing.

have a right to go; or, if the property were conclusively shown to be the homestead of the debtor, ought not the sale to be set aside? What good reason under such conclusions could there be for refusing to do so? I can perceive none. But it may be asked, where would you stop? If the showing indicated the existence of a substantial question as to the ownership between the debtor and a third person; or if it should appear that the debtor had some sort of an interest in the property, the motion ought to be overruled; a decision either way would not effect the ultimate right of the parties, nor be a bar to an action to determine which was the owner. It would be impossible to fix an arbitrary boundary which would not in some instance work great injustice.

The court must be allowed a reasonable discretion in each case, in determining what shall, and what shall not be sufficient ground to set aside a sale.

Now what was the situation in the case at bar? Was it a motion to confirm, or to set aside a sale? The bill of exceptions says in terms that it was a motion to confirm a sale. The result was that the court set the sale aside and overruled the motion to confirm. It does not appear that a motion to set aside was formally made, but it is not at all possible that the sale would have been set aside without a request in that behalf on the part of the defendant. No formal motion was necessary, and application for an order addressed to the court, is by section 515, said to be a motion. The law does not require it to be in writing, and no rule in court requiring it to be in writing, has been brought to our notice.

Considering the whole record together, it may, very properly, be assumed that there was, in legal effect, a motion to set the sale aside, and that whatever proof was adduced, was in support of that motion. It would therefore follow, from what has been already said, that the court did not err in admitting the testimony, if it were relevant and

competent.   Whether it was so, or what it showed, this court cannot determine, for the reason that it is not set out in the record.   If the land was not under the laws of the United States or treaties with the Wyandottes, subject to sale, that would have been a good reason for setting the sale aside.   But whether such was the fact depended upon facts not disclosed by the record, one of the most important of which was the date of the patent; that paper was before the court below, but is not here, and without it this court cannot determine whether the decision of the court below was right or wrong.

Order of the court below sustained.

All the justices concurring.