MATTHEW RYAN v. THE BOARD OF COMMISSIONERS OF LEAVENWORTH COUNTY, *et al.*

1. INJUNCTION, *When not Granted.* Where the property assessed is subject to taxation, and the taxes are not illegal, an injunction will not be granted to restrain the collection of the taxes, upon the ground that the assessment was irregularly made.

2. MINING STOCK, *Taxation of.* Where the stock in a mining corporation is assessed to the stockholders for the respective shares held by them, the assessment of the tangible property of the corporation and the payment of the taxes levied thereon does not relieve the stockholders from liability to pay taxes on the excess of the valuation of the entire stock over the valuation of the tangible property of the corporation.

*Error from Leavenworth District Court.*

ACTION by *Matthew Ryan* against *The Board of Commissioners of Leavenworth County*, and the sheriff of that county, to enjoin the collection of a tax of 1881, on his stock in the Leavenworth coal company. Trial at the April Term, 1882, of the court, before the court, a jury being waived. The court found the facts specifically, and stated its conclusion of law thereon. The facts found are these:

"1. The Leavenworth coal company is a mining corporation, and owns twenty acres of land, which is in Kickapoo township, in Leavenworth county, Kansas, and was a portion of the Fort Leavenworth military reservation, which land, with the right to take coal under the said reservation, was by act of congress of 1869 granted to the said company.

"2. That the stock of said company is divided into 6,000 shares, of which the plaintiff owns 1,929 shares, and 325 shares are owned by the company, having never been sold or issued.

"3. That the assessor of Kickapoo township, in Leavenworth county, in 1880 listed all the property of said coal company for taxation at $4,000, and on account of improvements made on the property of said coal company after the assessment, the assessor in 1881 raised the said assessment to $8,000, and on that sum the coal company paid its taxes for the year 1881.

"4. In the year 1881, Matthew Ryan, residing in Dela-

ware township, in Leavenworth county, then owning 1,929 shares of said coal company, and knowing that the property of the coal company was assessed where it is situate, in Kickapoo township, was called upon by the assessor of Delaware township and made a list of his personal property, but failed to include in his statement the said coal stock.

"5. That after Ryan's statement was delivered to said assessor of Delaware township, and in the absence of Ryan, and without any request made to Ryan to list the stock, said assessor wrote in said statement over the signature of said Ryan, the words: 'Coal stock, valuation $14,475,' which valuation was included in the tax roll of 1881, and said county commissioners made the levy thereon at the proper time.

"6. That Ryan knew nothing of the insertion of said coal stock until December, 1881, when he went to the county treasurer to pay his taxes; that he paid the said county treasurer the amount claimed due from Ryan for personal taxes, less the levy on said coal stock.

"7. This suit was commenced, and no hearing could be had until a tax warrant was issued for said tax on said coal stock for $366.47, which with penalties amount to $403.05, the amount of the tax warrant now in the hands of the sheriff of Leavenworth county against said Ryan.

"8. That the valuation of the stock in said company exceeds the valuation of all the property of said company, in the sum of $37,000.

"9. That said 325 shares of stock owned by said coal company are not taxed; that the remainder of said 6,000 shares of stock are owned by said plaintiff and other individuals, and are assessed for taxation at $7.50 per share."

The court upon the foregoing facts concluded:

"That the assessment of all the property of the corporation and the payment of the taxes levied thereon, does not relieve the stockholder from liability to pay taxes on the excess of the valuation of the entire stock over the valuation of all the property of the corporation; and that the plaintiff, on the payment of $\frac{1929}{5968}$ of the tax on the entire valuation of the stock in said corporation, deducting $8,000 from said entire valuation of said stock, shall be entitled to a perpetual injunction as to the remainder of said tax."

Exceptions were properly taken, and *Ryan* brings the case here.

*H. T. Green,* for plaintiff in error.

*Wm. Dill,* county attorney, for defendant in error.

The opinion of the court was delivered by

HORTON, C. J.: The objections to the collection of the taxes levied upon the shares of stock owned by the plaintiff in the Leavenworth coal company — a mining corporation — are two fold:

I. It is contended that the individual stockholders of the corporation are not liable to be taxed for their respective shares thereof, because the property of the company is assessed to the corporation and taxed in the township where it is located, and therefore that the taxation of the stock to the individual stockholders would be duplicate taxation. Section 12, ch. 107, Comp. Laws 1879, requires:

"All incorporated companies, except banks and banking associations, manufacturers' and mining companies, shall be required to list, by their designated listing agent, in the township or city where the principal office of said company is kept, the full amount of stock paid in and remaining as capital stock, at its true value in money, and such stock shall be taxed as other personal property.: *Provided,* That such amount of stock of such companies as may be invested in real or personal property in the state of Kansas, which at the time of listing said capital stock shall be properly specified and given to the assessors for taxation, shall be deducted from the amount of such capital stock."

The same section also prescribes:

"No person shall be required to include in the list of personal property any portion of the capital stock of any company or corporation which is required to be listed for such company or corporation."

As mining companies are not required under the provisions of the statute to list their stock through a designated listing agent, the individual members of such corporations, under the provisions of §§ 9 and 10 of said chapter 107, are to list their shares of stock. Clearly, the legislature has the power to determine the manner of assessing and taxing prop-

erty within the prescribed constitutional' limits, and may, in its discretion, require all the property of a corporation to be assessed and taxed to the corporation, or to the individual members of the corporation for their respective shares thereof; or may require the stock of the corporation to be assessed and taxed to the corporation, or to the stockholders for the respective shares held by them. Of course we do not intend to intimate that the legislature has the power to declare that the property of the corporation or the stock of the corporation shall be assessed and taxed to the corporation, and again assessed and taxed to the stockholders: we do not decide that any such double taxation of property is allowable. It is the purpose of the statute to tax the stock of corporations. Certain corporations list their stock by their designated agent, in the name of the corporation; other corporations, among them mining corporations, are not required to list their stock in the name of the corporation, but the stockholders are to list and pay the taxes on their stock in the corporation. There is no provision in the statute for assessing the stock in mining corporations to the corporation; therefore it cannot be rightfully asserted that the statute provides for assessing or taxing the shares of stock both to the individual holders and to the corporation. Nor can it be fairly deduced from the statute that the stock of such corporation, or of any other corporations, is to be twice taxed.

It is urged, however, that as the property of the corporation was listed in Kickapoo township, Leavenworth county, for taxation in 1881, and that as the corporation paid its taxes for the year 1881, the assessment and taxation of the stock of the company is double taxation, and therefore unlawful; this upon the theory that the property of the corporation assessed to it included the real and personal property and all franchises. This does not necessarily follow. While the aggregate value of all the shares of stock of a corporation ordinarily includes the real and personal property and its franchises, its tangible property may not include so much. If a company has special privileges, or a monopoly of any

kind of business, its franchises may have a separate and independent value, and the value of the stock of the company may largely exceed the value of all the tangible property of the corporation. In this case, the findings of fact show that the valuation of the stock is in excess of the valuation of the property of the corporation, in the sum of $37,000.

The evidence introduced upon the trial is not before us; therefore we are to pass only upon the conclusions of law found upon the facts, which, for the purpose of this case, are admitted to be sustained by the evidence. Upon the taxation of the property to the corporation, it is sufficient to say that the statute provides that the shares of stock shall be assessed to the holders, and it follows that they shall pay the taxes thereon. If there was any wrongful or unjust assessment against the corporation, that does not concern us, because the corporation is not here complaining. The judgment of the district court, however, attempts to relieve the plaintiff and the corporation from all double taxation. Thus, under its conclusion, the stockholders are to pay taxes only on the excess of the valuation of the property of the corporation. This excess may be made up of the value of the special privileges or franchises belonging to the corporation. What these special privileges or franchises are, we are not informed. As a general rule, it is difficult to say that corporations in this state have any special privileges or franchises, as all corporations are created under general laws. But it may be that this corporation has obtained certain exclusive privileges to mine coal under the streets and alleys of Leavenworth city by contract, whereby the stock of the company has a market value over and above the value of its real and personal property. But as the district court only decided that the plaintiff was required to pay a tax upon his stock over and above the valuation of the property assessed to the corporation, the stock was not twice taxed, nor was the property it represented subject to double taxation. (6 Wall. 632; *Commonwealth v. Company*, 12 Allen, 298; *Van Allen v. Assessors*, 70 U. S. 573; Cooley on Taxation, 163.)

In the case of *Burke v. Badlam*, 57 Cal. 594, to which our attention has been called, the petitioner suggested that the statute in controversy was unconstitutional, because it did not provide for taxing the shares of stock both to the corporation and to the individual holders, and he sought by writ of mandamus to compel the assessor of San Francisco city and county to assess to the various holders of certificates of stock in various corporations the respective shares held by them. It was held in that case that the demurrer to the petition should be sustained, because the scope and purpose of the petition were to compel the assessor to perform an act which the constitution did not command and which the statute prohibited. It is true, in the majority opinion of the court it is stated that "when all of the property of the corporation is assessed — its franchises and all of its other property of every character — then all of the stock of the corporation is assessed, and the mandate of the constitution is complied with." But no showing was made, or attempted to be made in that case, that the stock had any excess market value over and above the value of the tangible property. On the other hand, the court passed upon the case upon the presumption that the assessor had complied with the law of the state by assessing to the corporations all of their property, including their franchises and their other property of every character. In the case at bar, there is an express finding that the valuation of the stock of the corporation is largely in excess of the valuation of the property, and it is also evident from the findings that the assessor of Kickapoo township did not assess the franchises of the corporation, or any other of the property of the corporation except its tangible property. We have examined the other authorities cited in the briefs, but with the conclusion we have reached, that the statute authorizes the assessment and levy of taxes upon the stock held by the plaintiff, and as the conclusion of the court below was such as to relieve all the property from double taxation, it is not necessary to comment upon these authorities.

II. It is claimed that after the plaintiff had made and ver-

ified by oath a statement of his personal property, in his absence and without notice the assessor wrote in the statement, "Coal stock — valuation, $14,475;" that this valuation was included in the tax-roll of 1881, without the knowledge of the plaintiff, and without any opportunity given him to be heard. This objection is not tenable. Where property is subject to taxation, and the taxes are not illegal, an injunction will not be granted to restrain the collection of the taxes upon the ground merely that the assessment was irregular or improperly made. In fact, the stock owned by the plaintiff should have been listed by him. It is the subject of taxation, and must bear its proportion of the public burden; and the plaintiff cannot go into a court of equity to relieve himself of just taxation because of irregularities. (*Rly. Co. v. Russell*, 8 Kas. 558; *Adams v. Beman*, 10 id. 37; *Parker v. Challiss*, 9 id. 155; *Smith v. Leavenworth County*, 9 id. 296; *Rld. Co. v. Morris*, 7 id. 210.)

The judgment of the district court will be affirmed.

All the Justices concurring.