THE P. COX MANUFACTURING COMPANY v. E. J. AUGUST. — OWEN J. LEWIS v. SAME.—KIMBER L. BARTON *et al.* v. SAME.

1. GARNISHMENT, *Motion to Discharge.* The fact that a debtor has mortgaged his property, which is subsequently attached, will not preclude him from moving for a discharge of the attachment or for the discharge of the garnishees.

2. ASSIGNEE, *May Make Motion.* Ordinarily where a general assignment is made, and the property assigned is held under attachment or garnishment process, the assignee may move to set aside the process and for a release of the property.

3. GARNISHEES, *Not Error to Discharge.* In moving to dissolve garnishment process and to discharge garnishees, one of the grounds was a denial of the truth of the allegations in the affidavit for "attachment," where it is manifest that the word "garnishment" was intended. Following the making of the motion, testimony was received and considered by the court upon an agreement of the parties, as if an issue had been formed upon the truth of the allegations in plain-

tiff's affidavit for garnishment, and the court, having found that the garnishees had no property or funds subject to garnishment process, discharged the garnishees. *Held*, Not error.

*Error from Atchison District Court.*

GARNISHMENT proceedings by the *P. Cox Manufacturing Company* against *E. J. August; Owen J. Lewis* against same; and *Kimber L. Barton* and others against same. The three cases were heard together, and defendant's motion to dissolve the garnishment in each action was sustained, and plaintiffs bring error. The opinion states the facts.

*H. M. Jackson,* for plaintiffs in error.
*W. W. & W. F. Guthrie,* for defendant in error.

The opinion of the court was delivered by

JOHNSTON, J.: Three separate proceedings in error have been brought in this court to review the orders and judgments made in the district court vacating garnishments and discharging garnishees. The cases were heard together in the district court with other creditors as mentioned in *The Wm. W. Kendall Boot and Shoe Co. et al. v. Eli J. August,* just decided. The P. Cox Manufacturing Company brought an action against E. J. August to recover a claim of $563.10; Owen J. Lewis brought an action against the same defendant to recover a claim of $581.80; and Kimber L. Barton *et al.* brought an action to recover $438.54. Each of these actions was brought on January 3, 1890, and in each an affidavit and bond were filed to obtain a garnishment summons or order, which was served upon the parties to whom the property of E. J. August had been transferred and conveyed, as described in the above-mentioned Kendall case. E. J. August and the assignee, Adams, moved to dissolve the attachment and garnishment in each case and to discharge the garnishee, for the reasons (1) that the affidavit was insufficient; (2) that no sufficient bond had been given; (3) that the statements in the affidavit were untrue. These motions were heard with those

made by 11 other creditors, and, by agreement, the evidence
offered upon the trial was considered by the court in each of
the cases the same in all respects as if it had been heard sep-
arately.    It was further agreed, that the single set of findings
made by the court should apply to each and all of the cases.

The court found that the transfers and conveyances of
property made by E. J. August were made in good faith and
were valid, and the orders of garnishment were vacated and
the garnishees discharged.    The plaintiffs complain of these
rulings, and insist that neither E. J. August nor the assignee
had any standing in court to move for the discharge of the
garnishees.    E. J. August had sold some of the property,
mortgaged the balance, and had made a general assignment,
but notwithstanding all these transfers he was interested in
having his property preserved and applied as he had attempted
to apply it.    He had a contingent interest in it and in its
disposal, as his liability over would be increased or diminished
by the care and success used and realized in applying and
appropriating it in satisfaction of the demands of creditors.
As between himself and the plaintiffs, he was certainly entitled
to make this motion, and his interest was sufficient to require
the action of the court.    (*Boot and Shoe Co. v. Derse,* 41 Kas.
150.)    It is the duty of the assignee to protect the estate and
make a distribution of it as the law requires, and hence his
interest is sufficient to move for a release and discharge of the
property assigned to him.    (*White-Crow v. White-Wing,* 3
Kas. 276; *Long v. Murphy,* 27 id. 381; *Grocery Co. v. Rec-
ords,* 40 id. 119; *Chapin v. Jenkins,* 50 id. 385.)

It is contended that the grounds for the discharge of the
garnishees in the August motion were not sustained.    The
first and second grounds of the motion were immaterial, as
the affidavit and bond filed by the plaintiffs appear to have
been sufficient under the statute.    The third ground of the
motion is, that the affidavit for attachment is untrue; and it
is said that the motion does not deny the grounds for gar-
nishment.    It is evident that the word "attachment" was
carelessly used for "garnishment," as in the earlier part of

the motion the defendant asks for the discharge of the garnishees, and no attachments were issued in any of these cases. The testimony was received and considered by the court upon agreement of parties as if an issue had been formed upon the truth of the allegations in the plaintiffs' affidavit, and the findings of fact having been made in pursuance of that agreement, it is too late to raise this objection. The motions of the assignee positively allege that the allegations of the affidavit for the garnishment were untrue, and we are inclined to the opinion that these motions were sufficient, under the circumstances, to justify the inquiry that was made and the action of the court in vacating the orders of garnishment. The court having found in favor of the validity of the mortgages and transfers, and as the debts for which they were made were largely in excess of the value of the property, it follows that the garnishees had no property or funds in their hands subject to the garnishment process.

We see no material error in the rulings of the court, and hence its order and judgment in each case will be affirmed.

All the Justices concurring.