W. W. KNIGHT v. J. H. RHOADES, MARY A. RHOADES,
AND FRED KOEHR.

No. 733.  (61 Pac. 869.)

PRACTICE, *District Court — Attachment — Motion after Judg-
ment — Release of Levy.* In an action to recover money, wherein
attachment is levied on land, and after judgment and sale of the
land, the district court has jurisdiction, under section 532 of the
code (Gen. Stat. 1897, ch. 95, § 554; Gen. Stat. 1899, § 4823), to
entertain a motion by a stranger to the suit holding title to such
land to release the land from the levy and set aside the sale.

Error from Shawnee district court; Z. T. HAZEN,
judge.   Opinion filed July 11, 1900.   Affirmed.

*Valentine, Godard & Valentine,* for plaintiff in error.

*Fred. C. Slater,* for defendants in error.

The opinion of the court was delivered by

MAHAN, P. J. : This is a proceeding in error to re
verse an order discharging certain land from the lien
of a levy under a writ of attachment.   The attach-
ment issued at the suit of the plaintiff in error Knight
against J. R. Rhoades.   There was service by publi-
cation against him, and a finding of the amount due,
with an order to sell the attached property.   An order
of sale was issued to the sheriff of Shawnee county,
and pending the proceedings under that order Mary
A. Rhoades and Fred Koehr came into the case by
motion to discharge the levy of the attachment as to
this land, for the reason that Mary A. Rhoades was
the owner and Fred Koehr her mortgagee.   The mo-
tions were that the lien of the attachment be dis-
charged and a sale which had been made under the
order issued to the sheriff be set aside.   The motions
were sustained, and the land discharged from the at-
tachment lien and the sale under the order set aside.

It is contended that the court had no jurisdiction to entertain this motion after the judgment in the case, and in support of this contention counsel cite section 228 of the code (Gen. Stat. 1897, ch. 95, § 207 ; Gen. Stat. 1899, § 4491). This section applies exclusively to the defendant. Upon the authority of *White-Crow v. White-Wing*, 3 Kan. 276 ; *Harrison & Willis v. Andrews*, 18 id. 535, and *Long Brothers v. Murphy*, 27 id. 375, we hold that section 532 of the code (Gen. Stat. 1897, ch. 95, § 554 ; Gen. Stat. 1899, § 4823) authorizes the action of the court in this case. This was an application for an order, addressed to the court by one interested in the subject-matter and affected by the proceedings in the case. Surely, if this is sufficient authority to justify a district court in entertaining a motion to vacate the levy of an execution upon land, it is sufficient to confer jurisdiction upon the court in this case. As decided by the cases above referred to, the order is not conclusive upon the rights of the parties, and entertaining the motion rested largely in the discretion of the court. We are of the opinion that the court did not abuse its discretion herein. If it should be ultimately decided, in a suit brought for the purpose of determining the right of the creditor to appropriate the land to the payment of his judgment, that he had no such right, it would be doing the defendant in error, Mary A. Rhoades, a great injustice not to hear her upon this motion. Nor does it harm the plaintiff in error, nor prejudice him in any manner, should he wish to prosecute such a suit. The legal title to the land is in Mary A. Rhoades.

It is next contended that, inasmuch as the deed to Mary A. Rhoades was first drawn and delivered to the husband, J. H. Rhoades, and after delivery his name stricken out as grantee and the name of Mary

A. Rhoades inserted therein, the title is, in fact, in J. H. Rhoades, and that the deed has no vitality as a conveyance to Mrs. Rhoades. The question whether it was first made and delivered to J. H. Rhoades, or whether the change was made by arrangement of the grantor with the grantee before delivery, was one of the questions presented to the district court under the motion. Upon the evidence, the court must have held to the latter conclusion. There is evidence in the record to sustain this finding. This is not denied by the plaintiff in error. The rule that this court will not review the evidence to determine its weight if it is conflicting applies to this class of cases as well as to trials upon issues made under pleadings in a case.

The judgment is affirmed.