McLain Land and Investment Company, *a Corporation,*
v. Swofford Brothers Dry Goods Company, Elim
Jelts, Bettie Jelts, *et al.*

(Filed February 18, 1902.)

1. SHERIFF'S SALE—Illegality—Inadequacy of Selling Price. Gross
inadequacy of the price obtained for property at a sheriff's sale
which has been, in all respects, regular, will not be sufficient to
avoid the sale, unless the person who has suffered thereby, has been,
at the time of the sale, under some kind of legal or other restraint
which has prevented him from attending it, or unless circum-
stances of a fraudulent character be shown.

2. SAME—Intervention. The court has no authority to intervene and
set aside the operation of the law which results in a sale until after
the sale has been made, in order to relieve those who suffer from
their own negligence and who disregard the proceedings up to and
which are consummated in the sale.

(Syllabus by the Court.)

*Error from the District Court of Kingfisher County; before
C. F. Irwin, Trial Judge.*

*Stevens & Miller,* for plaintiff in error.

*Boynton & Smith,* for defendants in error.

STATEMENT OF FACTS.

After judgment of foreclosure in favor of Swofford
Brothers Dry Goods company, an order of sale thereupon,
and notice of sale having been published in the regular en-
tire issue of every number of a weekly newspaper of general
circulation in the county for five weeks, beginning upon the
7th day of December, 1899, and successively thereafter un-
til and including the 4th day of January, 1900, the property

was sold upon the 9th day of January, 1900, the Swofford company, plaintiffs below, being the purchasers therefor for the sum of $100.   A few days thereafter, the return of the sale having been made, the plaintiff in error filed a motion to set aside the sale, alleging inadequacy of price and irregularities.   The motion was heard in conjunction with the motion to confirm the sale, upon affidavits to the effect that the land was worth, at the time of the hearing, $525, and that the regular publication day of the newspaper, in which the publication was made, was Thursday of each week, and that during the publication of the notice the paper was twice published on Friday.

The   offer   of this proof having been overruled, the plaintiff in error offered to bid double the amount which was bid at the sale, and to deposit the money in court for the purpose of complying with its bid, making it good. The motion to set aside the sale was thereupon overruled, and the   motion   to   confirm sustained, the plaintiff in error excepting.

Opinion of the court by

McATEE, J.:   No counter affidavits having been introduced in behalf of the defendant in error, it may be stated that the price paid at the sale was grossly inadequate.

We understand the law to be that gross inadequacy of price at a sheriff's sale will be sufficient to avoid the sale, if slight additional circumstances be shown which will support or justify the court in taking such action; but these circumstances must be such as that the court may see that the plaintiff in error has been under some kind of legal

or other restraint which has prevented him from attending the sale, or that he has been prevented from attending the sale by inducements or circumstances of a fraudulent character at the instance of the purchaser at the sale.

Mere inadequacy of price, however great, will not justify the court in setting aside a sale which has been in all respects regular, of which the plaintiff in error must be held to have had notice, and of which he has not complained, and to which he has no cause for complaint except inadequacy of price. The court cannot undertake to set aside the operation of the law in order to relieve those who suffer through their own negligence, and who disregard the proceedings leading up to and which are consummated in the sale, until after the sale has been made. After a sale which has been regular in all respects the court has no discretion to set aside the sale, and to require that a subsequent tender should be accepted in behalf of and intended to relieve those who have neglected the sale made in conformity to the law, from the natural consequences of such neglect.

It is contended here that the issues of the paper in which the publication was made twice upon Friday instead of Thursday, its regular day of publication, is a sufficient irregularity to justify the intervention of this court. We do not think so.

The statute, under which the sale was made, provides for a publication "for at least thirty days before the day of sale by advertisement in some newspaper printed in the county."

We think this sale was made in conformity to the statute, and that the sale was properly approved.

The judgment of the court below is therefore affirmed.

Irwin, J., who presided in the court below, not sitting; all the other Justices concurring.