SPARKS V. CITY NAT. BANK OF LAWTON *et al.*

No. 2104, Okla. T.   Opinion Filed September 8, 1908.

(97 Pac. 575.)

1.   **EXECUTION—Sale—Motion to Set Aside.** Where land has been sold on execution, any person claiming to be the owner thereof and interested in defeating the sale may, although not a party to the suit, move the court to set aside such sale.

2.   **APPEAL AND ERROR—Review—Discretion of Court—Motion to Set Aside Judicial Sale.** A motion to set aside a judicial sale is addressed to the reasonable discretion of the court, and in the absence of an abuse of that discretion this court will not interfere.   The final decision of the court upon such motion is not conclusive as to the ultimate rights of either party.

(Syllabus by the Court.)

*Error from District Court, Comanche County; F. E. Gillette, Judge.*

Action by the City National Bank of Lawton against O. G. Sparks.   Mary E. L. Sparks intervened.   Judgment for plaintiff, and Mary E. L. Sparks brings error.   Affirmed.

The City National Bank of Lawton, defendant in error, plaintiff below, sued O. G. Sparks, the husband of Mary E. L. Sparks, plaintiff in error, in the district court of Comanche county, on a promissory note for $150, and attached lots 30, 31, and 32, in block 62, in that city, to satisfy the debt.   Later Mary E. L. Sparks appeared and without being made a party to the suit filed a motion to dissolve the attachment, setting up claim to the property by virtue of a conveyance from her husband prior to the levying of the writ.   Issues were joined upon the main case and the motion to dissolve, and on November 16, 1904, a jury was waived and the motion submitted to the court on evidence introduced by the movant.   At the close of the testimony the court overruled the motion upon the ground that the conveyance from her husband

was made in fraud of creditors, and rendered judgment against him on the note for principal, interest, and attorney's fees, and ordered that execution issue for $221.92, with interest thereon, and that the lots be sold to satisfy the debt. Whereupon the movant, Mary E. L. Sparks, plaintiff in error, filed a motion for a new trial, which was overruled, to which she excepted, and was given 60 days in which to make and serve a case-made to the Supreme Court. On June 11, 1906, execution issued and was levied on said lots, which were sold at sheriff's sale pursuant to said order of court. On September 10, 1906, Mary E. L. Sparks, plaintiff in error, filed a motion to set aside the sale on the grounds set forth in her motion to dissolve the attachment, and offered to prove title in herself from her husband, to said lots. This evidence was excluded, and the sale confirmed, to which plaintiff in error objected and excepted, and served a case-made to the Supreme Court of the territory of Oklahoma, and the action of the court in refusing to set aside the sale and the order confirming the same are now before us for review.

*Stevens & Myers,* for plaintiff in error.
*Smith & Thomas,* for defendant in error.

TURNER, J. (after stating the facts as above). The only question necessary for us to determine is whether or not the court erred in excluding the evidence offered by plaintiff in error to show title in herself to the lots levied upon and sold pursuant to the order of the court and in refusing to set aside the sale. We heartily condemn the practice pursued in this case of permitting plaintiff in error to move to dissolve the attachment, instead of requiring her to interplead for the attached property; but in view of a long line of Kansas cases recognizing the practice we will not disturb it. With the practice thus established, and which we follow reluctantly, there can be no question as to the right of plaintiff in error to file her motion to dissolve the attachment upon the ground that the lots levied upon were her property. The

right so to do has been construed by those authorities as given her by Wilson's Rev. & Ann. St. Okla. 1903, § 4724, which reads: "A motion is an application for an order, addressed to the court, or a judge in vacation, or by any party to a suit, or proceeding, or one interested therein, or affected thereby." And, as stated, the practice has frequently been approved. In *Green, Administrator, v. McMurtry,* 20 Kan. 189, the court said:

"The fact that the defendant was not legally served with summons, and the fact that he was not legally and technically a party to the action, would not deprive him of the privilege of making such a motion. Any person interested in this suit may make a motion with reference to his interests, whether he is legally and technically a party thereto or not. Gen. St. p. 734, § 532; *White Crow v. White Wing,* 3 Kan. 276, 280; *Harrison v. Andrews,* 18 Kan. 537; *Branner v. Chapman,* 11 Kan. 118; *Foreman v. Carter,* 9 Kan. 674."

Again, in *Long v. Murphy,* 27 Kan. 375, a paragraph in the syllabus reads:

"When land has been levied upon under an order of attachment, any person claiming to be the owner thereof and interested in discharging the property from attachment may, although not a party to the original action, move the court to discharge the attachment as to the property so claimed by him."

The fact that this motion was decided adversely to her contention did not preclude her from again coming in, after a sale of the attached property to satisfy her husband's debt, and by motion to set aside the sale again urging that the property belonged to her. This has been the practice laid down from a very early date. *White Crow v. White Wing,* 3 Kan. 276, was a proceeding to review an order of the district court of Wyandotte county setting aside a sale made by the sheriff of that county upon a judgment rendered therein. In that case the court in effect held that any person interested in the real estate, whether party to the suit or not, may move to set aside the sale at any time before confirmation, and may offer evidence in support of his contention. The court, in passing, said:

"It is a motion the defendant had a right to make at any time before the sale was confirmed. That he has a right to have it heard no one will deny. It need not be in writing unless a rule of the court requires it to be so, but may be interposed orally pending the motion to confirm; and the court is bound to consider it, no matter how informally made, and in the consideration of it, not only is the court not confined by the suit to the return of the officer, but the practice always has been to show extraneous facts invalidating the sale. * * * The sheriff is not authorized, nor is he commanded, to sell any property but that of the debtor. If he should wantonly attempt to do so, no one would deny that he would be abusing the process of the court, and that it would be the duty of the court, to stop him. If, upon a judgment against A., he should levy upon property conclusively shown to belong to B., and sell the same, would or ought any court hesitate to set the sale aside? If, upon the return of the officer, B. should ask to have the sale set aside, and offer to prove by affidavit and the production of the papers that he was not only the owner, but that A. did not have or pretend to have any interest whatever in it, ought not the sale to be set aside? To this extent, certainly, the court would have a right to go. * * * "

In *Harrison v. Andrews,* 18 Kan. 535, the court says:

"It has already been decided by this court that, where land has been sold on execution, any person claiming to be the owner thereof and interested in defeating the sale may, although he may not be a party to the suit, move the court to set aside such sale. *White Crow v. White Wing,* 3 Kan. 276; Gen. St. p. 734, § 532."

Thus it will be seen that in presenting her motion to set aside this sale the plaintiff in error was clearly within her rights; but it does not follow that the court erred in excluding the testimony which was offered to show title in herself to the property sold or in refusing to set aside the sale. The setting aside of the sale was a matter which addressed itself largely to the discretion of the court, and in the absence of an abuse of discretion we would not feel authorized to interfere. In excluding the evidence we do not think the court erred, much less abused any discretion it might have in the premises. The court to which the motion was addressed was the same court, and for that matter was presided

over at that time by the same judge, who heard the testimony adduced upon the motion of plaintiff in error to dissolve the attachment. In passing on that motion the court had held that the lots were not the property of plaintiff in error, having been conveyed to her prior to the attachment by her husband, the attachment debtor, in fraud of his creditors, and that they were his property. Then why was it necessary, and why should we require the court, who was already familiar with the facts, to again pass upon that question?

We would not feel warranted in thus interfering with the discretion of the court, but are inclined to follow the reasoning laid down in *James Z. Gapen et al. v. L. Stephenson,* 17 Kan. 613. In that case an attachment issued against the property of one Gapen, which was levied on certain real property claimed by him as a homestead. He filed a motion to discharge it for that reason, claiming the property as exempt. The motion was overruled, and thereafter his wife interposed the same objection on a motion to set aside the sale after judgment and before confirmation, as in this case. The Supreme Court sustained the lower court in refusing to set aside the sale. In passing, speaking of the rights of the wife in the premises, the court said:

"Mary E. Gapen was not a party to the action in which the attachment was issued, or judgment rendered, or the sale made. None of her rights could be abridged by any judgment, decree, or order of the court to which she was neither a party nor privy. If the farm in controversy is a homestead, in a proper proceeding the wife can be fully heard, and the law will give her a time, a place, and tribunal to establish her legal claims. * * * The fact that the wife joins her husband in the motion to set aside the sale does not make her a party to the suit, and we must disregard her appearance in the matter, and consider the case the same as if the motion had been filed by James Z. Gapen alone. * * * The motion to set aside the sale because the property was a homestead was virtually a renewal of the motion previously made by Gapen, and overruled by the court, to discharge the attached property. While the doctrine of *res adjudicata* in its strict sense does not apply in this case, still as the motion was once denied and excep-

tions could have been taken thereto, and as the decision of the motion will not affect the ultimate rights of the parties in a regular suit involving the same issues, we see no cause for the interference of this court to reverse the order of the court below overruling the motion on the opinion presented that the property is a homestead. 'The court must be allowed a reasonable discretion in each case in determining what shall and what shall not be sufficient ground to set aside a sale.' *White Crow v. White Wing,* 3 Kan. 276."

Hence, as Mary E. L. Sparks, plaintiff in error, was never a party to this suit, never having become such either by moving to dissolve the attachment or to set aside this sale, it is impossible to say that the question of the ownership of the attached property is *res adjudicata,* and for that reason, and as the decision of the motion presented will not affect the ultimate rights of this movant in a regular suit involving the same issues, as, for instance, one to quiet her title, or a suit in ejectment against the purchaser, we see no cause to interfere, and reverse the order of the court below overruling her motion to set aside the sale, especially as the lower court in every case must be allowed a reasonable, if not a wide, discretion in determining what shall or what shall not be sufficient ground for so doing. *Treptow v. Buse,* 10 Kan. 170; *Harrison v. Andrews,* 18 Kan. 535.

The judgment of the lower court is affirmed.

All the Justices concur.