**DUNCAN v. ECK et al.**

No. 8128—Opinion Filed June 6, 1917.

(166 Pac. 121.)

1. **Appeal and Error—Review — Discretion of Court—Confirmation of Judicial Sale.**

A motion to confirm or set aside a judicial sale is addressed to the sound legal discretion of the court, and unless it affirmatively appears that the court has abused such discretion, its judgment on said motion will not be disturbed on appeal.

2. **Mortgages — Judgment of Foreclosure — Refusal of Confirmation—Price.**

Where, on a hearing of a motion made by one of the defendants to set aside the sher-

iff's sale on real estate in an action to foreclose a mortgage, it is shown by uncontradicted evidence that the property sold was reasonably worth $3,000, and was sold for $100; that the defendant is a resident of Texas, and immediately on learning the date of the sale wired the sheriff to inform him as to the amount of judgment including all cost, and the sheriff sent a telegram stating the full amount of said judgment to be $950.36, and also stating a bank to which the defendant should send the amount, and that the defendant immediately wired the amount to the bank designated by the sheriff; that the defendant believed that said judgment had been satisfied with the amount sent the sheriff and that the land would not be sold, as said amount had been sent in time to reach the sheriff before the date of sale; that immediately upon learning 12 days after said sale that the judgment had not been satisfied, and that the land had been sold, the defendant made his motion to set aside said sale and tendered into court an amount sufficient to satisfy said judgment and all cost: that after the amount for which the land sold, $100, is applied on the judgment, there would still be outstanding against the said defendant a deficiency judgment of $850.36—held, that the circumstances were sufficient to justify the trial court in setting aside said judgment and refusing to confirm the same.

(Syllabus by Pryor, C.)

Error from District Court, Woods County; W. C. Crow, Judge.

Action for foreclosure by Nicholas Ulrich against David B. Eck, H. G. Martin, and others. Judgment for plaintiff, and Joseph L. Duncan, purchaser, moved to have the sale confirmed, and the objection of H. G. Martin to confirmation of sale was sustained, and sale set aside, and the purchaser brings error. Affirmed.

A. G. Sutton, for plaintiff in error.

C. H. Mauntel, for defendants in error.

Opinion by PRYOR, C. This proceeding grew out of a foreclosure action in the district court of Woods county, wherein Nicholas Ulrich was plaintiff, and David B. Eck, Susie Eck, his wife, S. S. Tullos, and H. G. Martin were defendants.

On the 2d day of February, 1915, judgment was rendered in favor of the plaintiff and against the defendants foreclosing a mortgage on certain lands lying in Woods county. Under and by virtue of an order of sale issued out of said court in said cause, the sheriff on the 22d day of September, 1915, sold the lands covered by said mortgage to Joseph L. Duncan, the highest bidder, for the sum of $100. On the 1st day of October, 1915, Joseph L. Duncan, the purchaser, filed his motion to have the said sale confirmed.

H. G. Martin, one of the defendants, who claimed at the time of said sale to be the owner of all the equity in said lands, filed his written objection to the confirmation of said sale, and also his motion to set aside said sale, setting up as his objections for grounds to have said sale set aside that the consideration, to wit, $100, for which the lands were sold, was so grossly inadequate as to shock the conscience of the court; that the lands sold at said sale were reasonably worth the sum of $3,000; that the judgment rendered in said cause was $954.36; that after applying the amount for which the land sold to the judgment it left a deficiency judgment outstanding against the defendant H. G. Martin in the sum of $854.36; that upon the defendant H. G. Martin learning said property was to be sold, it was only a few days before the date of the sale of said property, he immediately wired the sheriff of Woods county to let him know the amount of the judgment and the cost. The sheriff wired him at Grand Prairie, Tex., that the amount of the judgment and cost was $950.36. This defendant thereupon made arrangements for the money to take up said judgment and on the morning of September 22, 1915, wired the sheriff the amount in care of the Alva State Bank, the bank to which the sheriff directed the money to be sent; that the amount stated in the telegram was $4 less than the full amount of the judgment including the cost, but the defendant H. G. Martin was ignorant of this fact. Immediately upon learning the judgment had not been satisfied and the property had been sold, defendant H. G. Martin left Grand Prairie, Tex., for Alva, Okla., to look after his interest in said property. In his motion he tenders the full amount of the judgment, including the cost. This motion was verified by affidavit.

On the 5th day of October, 1915, the motion of Joseph L. Duncan, the purchaser, to have the sale confirmed, and the motion of H. G. Martin to have said sale set aside were heard together by the court. The defendant H. G. Martin as a witness, at said hearing, gave evidence substantiating all the material facts alleged in his motion. Neither the motion verified by affidavit nor the evidence given by the defendant H. G. Martin at the hearing was contradicted by the purchaser, Joseph L. Duncan. The court rendered its judgment on said date, to wit, October 5, 1915, sustaining the objections and motion to set aside said sale. From this judgment the purchaser, Joseph L. Duncan, prosecutes his appeal to this court for review.

The only question presented to this court is the question of the sufficiency of the show-

ing of defendant H. G. Martin to have said sheriff's sale set aside. The setting aside or refusing to set aside a sheriff's sale is largely within the sound legal discretion of the trial judge, and unless it affirmatively appears that the trial judge has abused his discretion, the judgment of the lower court will not be disturbed on appeal. Fowler v. Krutz et al., 54 Kan. 622, 38 Pac. 808; Magann et al. v. Segal et al., 92 Fed. 252, 34 C. C. A. 323; State of Tenn. v. Quintard et al., 80 Fed. 829. 26 C. C. A. 165; Sparks v. Bank. 21 Okla. 827, 97 Pac. 575.

The plaintiff in error relies upon the language used by the court in McLain Land & Inv. Co. v. Swofford Brothers Dry Goods Co. et al., 11 Okla. 429, 68 Pac. 502, as authority to the effect that the trial judge has no discretion in the vacating or confirming of a sheriff's sale, and insists that whenever the sale appears regular on its face it is the duty of the court to confirm said sale. The language in the opinion of said case is to the effect that the court has no discretion in confirming or setting aside a sheriff's sale. which is squarely against the holding in the case of Sparks v. Bank, 21 Okla. 827. 97 Pac. 575, wherein the court held:

"A motion to set aside a judicial sale is addressed to the reasonable discretion of the court. and in the absence of an abuse of that discretion this court will not interfere.

Further, the dictum in the opinion to the effect that the court has no discretion in the matter of confirming or setting aside a sheriff's sale stands alone, and is against not only the law as announced later by the Supreme Court of the state of Oklahoma (Sparks v. Bank, supra), but all the authorities we have been able to consult.

As a general rule mere inadequacy of consideration is not sufficient ground for setting aside a sheriff's sale, but all of the authorities hold uniformly that gross inadequacy of consideration, coupled with very slight additional circumstances, is sufficient to set aside such sale, and that where the consideration is so grossly inadequate as to shock the conscience of the court, or is very great, it is alone sufficient. Fowler v. Krutz et al., 54 Kan. 622, 38 Pac. 808; Means et al. v. Rosevear, 42 Kan. 377, 22 Pac. 319; Magann et al. v. Segal et al., 92 Fed. 252, 34 C. C. A. 323; Wolfert v. Bank, 5 Kan. App. 222, 47 Pac. 175. These cases also give apt illustrations of circumstances under which courts will set aside a sheriff's sale.

It is the duty of the court in confirming or setting aside a sheriff's sale to protect all parties concerned, the owners and the creditors of the owners as well as the purchaser.

"Whether the sale should be confirmed is a matter within the sound discretion of the court; but it is a discretion that must be exercised reasonably and not arbitrarily, and if abused is subject to review on appeal. The sale must appear to be in all essential respects fair and proper, or it will not be confirmed, and the simple fact that confirmation would sacrifice the interests of those entitled to the protection of the court is sufficient ground for a refusal to confirm. The court will not, however, be astute to find objections, and if there is no evidence of unfairness, deception, or impropriety the sale is properly confirmed." 24 Cyc. 34.

The purchaser at the sheriff's sale has no complete or vested right, but only an inchoate one. His bid is merely an offer to purchase subject to the acceptance or rejection of the court. His rights are not superior to other parties interested in the sale.

The contention is made that the defendant H. G. Martin was negligent in protecting his rights at said sale, and for that reason the court should have refused to set aside said sale. The circumstances, as shown by the defendant and are undisputed, show that he is in no wise guilty of negligence, that he had sufficient reason to believe that the judgment would be satisfied with the money sent to the sheriff, and that there would be no sale; that he was misled in the matter by the sheriff failing to satisfy said judgment with the money sent to the sheriff by said defendant. Taking into consideration that the property, which the uncontradicted evidence shows is worth $3,000, was sold for $100, that this left a deficiency judgment against the defendant of $854.36, that he was misled by the judgment not being satisfied before the sale with the money sent to the sheriff by him, that he had been reasonably diligent in making arrangements to satisfy said judgment, and had sent before the sale the amount required to satisfy said judgment according to the telegram sent to the defendant in Texas by the sheriff, and that he still tendered into court the amount sufficient to satisfy said judgment and all cost, together with the circumstances above set forth, it would be, under such circumstances, to ask the court to confirm said sale in effect to ask the court to sanction an unconscionable bargain.

The circumstances amply justify the court in rendering the judgment, setting aside the sheriff's sale, and refusing to confirm the same. Therefore the judgment of the court should be affirmed.

By the Court: It is so ordered.