## KLINE et al. v. EVANS, Trustee, et al.

No. 12458—Opinion Filed Sept. 30, 1924.

1. **Appeal and Error—Discretion of Trial Court—Confirmation of Sheriff's Sale.**

The ruling of the trial court on a motion for confirmation of sheriff's sale of real estate or objection thereto, are questions addressed to the sound discretion of the court and unless it appears that there has been an abuse of such discretion the ruling of the trial court will not be reversed on appeal.

2. **Judicial Sales — Confirmation — Scope of Hearing.**

Questions entering into or relating to the judgment are not matters for consideration in a hearing on confirmation of sale of real estate. It is only those questions relating to or pertaining to the proceedings in a sale that are proper for consideration.

(Syllabus by Stephenson, C.)

Commissioners' Opinion, Division No. 4.

Error from District Court, Garfield County; James B. Cullison, Judge.

Proceedings by Fred D. Kline et al. against Thos. G. Evans, Trustee, et al. in the matter of hearing on confirmation of sheriff's sale of real estate on execution. Affirmed.

H. J. Sturgis, for plaintiff in error.

Stevens & Cline and John M. Young, for defendants in error.

Opinion by STEPHENSON, C. In the above styled cause the plaintiffs in error filed objection to confirmation of sheriff's sale which was overruled, and they have brought error to this court for review and seek reversal of the confirmation on the grounds: (a) Because the plaintiffs contracted with the tenant on the land for the sale of the land to him prior to the sheriff's sale and which it is claimed operated in the suppression of bidding; (b) waste committed by the plaintiffs in removing a house from the premises after judgment and before order of sale; (c) defective or void service on several of the defendants.

Issued was joined between the parties on the question of adequacy of the sum bid by the plaintiffs for the property. Considerable testimony was introduced by the respective parties in support of their positions. The court found the issues of fact on these questions against the plaintiffs in error. The ruling on a motion for confirmation of sale or objections thereto is addressed to the sound discretion of the court, and unless it affirmately appears that the trial judge has abused his discretion in the ruling, the action of the court will not be reversed on appeal.

There is sufficient testimony to support the ruling of the court in confirming the sale. Fowler v. Krutz, 54 Kan. 662, 38 Pac. 808; McLain v. Swofford, 11 Okla. 429, 68 Pac. 502; Sparks v. Bank, 21 Okla. 827, 97 Pac. 575; Duncan v. Eck, 65 Okla. 250, 166 Pac. 121.

The other questions are disposed of adversely to the contentions of the plaintiffs in error by Brazell v. Brockins, 95 Okla. 38, 217 Pac. 847.

It is the only questions relating to and pertaining to the sheriff's sale that may be heard on motion or objections to the confirmation of sale of real estate on execution.

Therefore, it is recommended that the confirmation of sale be sustained.

By the Court: It is so ordered.