**SHARP v. ELSEA et al.**

No. 27175.   June 8, 1937.

R. Place Montgomery, for plaintiff in error.

W. T. Jeter, for defendants in error.

PER CURIAM. On the 5th day of March, 1935, plaintiff obtained a judgment in foreclosure of a mortgage on 80 acres of land in Greer county for $1,696, with interest at 10 per cent. from March 1, 1932, and $160 attorney fees.

Plaintiff appeared at the sale and bid in the property, the regularity of which sale was not questioned. The bid was for $1,200, subject to taxes of approximately $250. On February 7, 1936, the court found as follows:

"That there were no irregularities at the sale or in the foreclosure proceedings, that no unfairness in making said sale, or fraud, was practiced by the plaintiff, nor was there any unavoidable casualty preventing the defendant from attending said sale and bidding on said property; but the court further finds that the price bid at the sheriff's sale, upon which confirmation is sought by application before the court, was $1,200, and the court further finds that said price so bid by the plaintiff is inadequate, unreasonable and so extremely low as to shock the conscience of the court, and by reason thereof said motion to confirm said sale should be denied."

Plaintiff seeks to reverse this order, We must reverse the action of the trial court upon the following authorities: Wheeler & Motter Mercantile Co. v. Wright, 64 Okla. 97, 166 P. 184; McLain Land & Investment Co. v. Swofford Bros. Dry Goods Co., 11 Okla. 429, 68 P. 502; Severson v. Bemore, 137 Okla. 50, 278 P. 327; State ex rel. v. Harrower, 167 Okla. 269, 29 P. (2d) 123; Oklahoma Farm Mortgage Co. v. Hatcher, 106 Okla. 262, 234 P. 203; Miller v. Farmers National Bank, 94 Okla. 101, 221 P. 71; Myers v. Carr, 173 Okla. 335, 47 P. (2d)

156; Cooper v. State ex rel., 178 Okla. 532, 63 P. (2d) 698.

Defendant relies upon Duncan v. Eck, 65 Okla. 250, 166 P. 121; Sparks v. City National Bank, 21 Okla. 827, 97 P. 575, and Fiolle v. First National Bank of Thomas, 173 Okla. 501, 49 P. '(2d) 145. It is true that in Duncan v. Eck, supra, this court questioned in some respects the rule announced in McLain Land & Investment Co. v. Swofford Bros. D. G. Co., supra, in so far as it attempts to deny the discretion of the trial court. Those two cases, together with Wheeler & Motter Merc. Co. v. Wright, supra, are discussed in Oklahoma Farm Mortgage Co. v. Hatcher, supra, and all of these cases are in turn discussed in State v. Harrower, supra.

It is not necessary to deal at length with the reasons given by the writer of each particular opinion in expressing the rule finally announced in State v. Harrower, supra. Subsequent to the opinion in Duncan v. Eck, supra, McLain Land & Inv. Co. v. Swofford was cited with approval in almost every case coming before this court, including Severson v. Bemore, supra, which also cited with approval Oklahoma Farm ' Mortgage Co. v. Hatcher. Cooper v. State, supra, also cites Oklahoma Farm Mortgage Co. v. Hatcher. A careful reading of these authorities will show that the rules announced are not in conflict. A reading of the cases will disclose the reason why. Gross inadequacy is quite generally, if not always, accompanied by some circumstance, however slight, to warrant a refusal of confirmation. But in the case at bar there is no slight circumstance. On the other hand, the court found that there was no irregularity, and that the sole and only respect in which the same was unfair was in the inadequacy of price bid at said sale. No case has been called to our attention, nor has one been examined by us, in which the parties were present at the sale, or had an opportunity to be present, in which the appellate court sustained the action of the trial court where it refused to confirm the sale solely on the ground of inadequacy of the bid. State v. Harrower, supra, does not rest solely upon gross inadequacy. The state of Oklahoma, the plaintiff, was not present at the sale; it appeared and offered a substantial advance in the bid. Other circumstances are present not necessary to mention. We do not announce the rule that there cannot arise a case where gross inadequacy standing alone will not warrant a refusal to confirm. We believe the rule in State v. Harrower, supra, and the above authorities sufficient to cover every contingency in that respect that might arise. It does not arise here.

The facts reveal that the judgment was by default. No witness testified that the land was worth more than $50 per acre. No offer to raise the bid was made. The order of the court in refusing to confirm speaks for itself as to showing of any irregularity of the proceedings. We are of the opinion, and hold as a matter of law, that the amount bid under circumstances of this case was not grossly inadequate.

We are of the opinion that the court erred in refusing to confirm the sale. The cause is reversed and remanded, with directions to the trial court to vacate its order refusing to confirm the sale and to enter its order confirming said sale.

OSBORN, C. J., BAYLESS, V. C. J., and PHELPS, CORN, and GIBSON, JJ., concur.