**BRAZELL et al. v. BROCKINS et al.**

No. 11554—Opinion Filed July 31, 1923.

(Syllabus.)

1. **Execution—Sale of Real Estate—Scope of Inquiry on Motion for Confirmation.**

On motion to confirm sale of real estate made under execution, the court should confine itself to the regularity of the proceeding on the sale, and is not required to go behind the execution and look into the regularity of the judgment.

2. **Same—Hearing—Evidence as to Irregularity of Judgment.**

On a hearing upon motion to confirm sale of real estate under execution and objections thereto, evidence offered to show that the recitation of the judgment that the defendant had appeared by his attorneys was not true and that the defendant had not been served with summons or entered an appearance in the case was inadmissible.

3. **Judgment—Vacation of Voidable Judgment—Procedure.**

Sections 810, 812, and 814, Comp. Stat. 1921. provide a method by which judgments may be vacated, and, since a judgment rendered without service or appearance and where the judgment on its face is. regular is not void, but voidable, a motion or pe-

tition should be filed pleading a valid defense in order to set aside the judgment or sale made thereunder.

Error from District Court, Okmulgee County; Lucien B. Wright, Judge.

From order confirming sale of real estate under execution, James Brazell and another bring error, making B. L. Brockins and others defendants in error. Affirmed.

L. L. Cowley, for plaintiff in error.

G. R. Horner, for defendants in error.

COCHRAN, J. This is an appeal prosecuted by James Brazell, plaintiff in error, from an order of the district court of Okmulgee county, Okla., confirming a sale of real estate under execution. A judgment was rendered against James Brazell and others on June 25, 1919, and execution issued on July 18, 1919. Certain property belonging to Brazell was levied on and sold under this execution and motion was filed in the district court to confirm the sale. James Brazell filed objections to the confirmation on the ground that the judgment rendered on June 26, 1919, was void because no summons had been served on him, and he had entered no appearance in the case. Upon a hearing on the motion to confirm and his objections thereto, Brazell offered to prove that no summons had been served on him, and, although the judgment recited that he had appeared in the trial of the case through attorneys Dickson and Carter, and although an answer appeared in the files signed by Dickson and Carter as attorneys, he did not authorize this appearance and had no knowledge thereof, and the judgment rendered against him was therefore a nullity. This testimony was excluded and sale confirmed.

As stated above, the testimony was offered in support of objections made to the confirmation of the sale, and the court very properly excluded the same, as the procedure under confirmation of sale made is governed by section 709, Comp. Stat. 1921, and under this section of the statute it was the duty of the court to examine the proceedings of the officer to ascertain whether the sale had been regularly made, and in this proceeding the court should have confined itself to the regularity of the proceedings on the sale, and was not required to go behind the execution and look into the regularity of the judgment. Koehler v. Ball, 3 Kan. 160; Challiss v. Wise, 2 Kan. 194; Wite-Crow v. White-King, 3 Kan. 276.

Sections 810, 812, and 814, Comp. Stat. 1921, provide a method by which judgments may be vacated, and the judgment in this case was not void, but voidable, if the allegations of Brazell were true. Edwards v. Smith, 42 Okla. 534, 142 Pac. 302; Pettis v. Johnston, 78 Okla. 277, 190 Pac. 681. In order to present these matters to the court for consideration, a motion or petition should have been filed as prescribed by section 810, Comp. Stat. 1921, and a valid defense to the action should have been pleaded as provided by section 814, Comp. Stat. 1921. No such motion having been filed, the court very properly excluded this attack upon a judgment which appeared regular upon its face. Woodley v. McKee, No. 11087, decided July 10, 1923 (pending on petition for rehearing).

The judgment of the trial court is affirmed.

JOHNSON, C. J., and KANE, KENNAMER, BRANSON, HARRISON, and MASON, JJ., concur.