**PRODUCERS' STATE BANK OF WILSON v. CLARK (CITY STATE BANK OF WILSON, Intervener).**

No. 14595—Opinion Filed Sept. 9, 1924.

(Syllabus).

**1. Deeds—Passing Title—Sufficiency of Delivery**

When the grantor in a deed to real estate irrevocably parts with all control of such deed and claim of title to such real estate and delivers the physical possession of said real property to the grantee, and delivers the deed itself into the hands of some third party in accordance with the orders of the grantee, said acts constitute a full delivery of such deed and pass title to the grantee named, even though said deed never actually came into the physical hands of the grantee.

**2. Trusts—Trustee as Party—Representative Capacity in Action.**

In an action brought or defense made by a trustee of an express trust for the benefit of his cestui que trust and to which action the cestui que trust is not a party, such trustee can plead and assert only those causes of action and defenses which are vested in him in his capacity as such trustee.

**3. Execution—Sale—Motion to Set Aside by Those Not Parties.**

Where land has been sold on execution, any person claiming to be the owner thereof and interested in defeating the sale may, although not a party to the suit, move the court to set aside such sale. Sparks v. City Nat'l Bank, 21 Okla. 827, 97 Pac. 575.

Error from District Court, Carter County; W F. Freeman, Judge.

Action between Producers' State Bank of Wilson, Okla., and Arch Clark, in which the City State Bank of Wilson intervened. From the judgment, the Producers' State Bank appealed. Reversed and remanded, with instructions.

Pardue & Davis, for plaintiff in error.

Moore & West and Marvin Shilling, for City State Bank.

LYDICK, J. The suit in which this proceeding arose was instituted by the Producers' State Bank of Wilson, Okla., against Arch Clark in the district court of Carter county, and default judgment was rendered therein on the 29th day of September, 1922, in favor of the plaintiff. On the 26th day of February, 1923, execution was issued, under which certain real property was levied upon and sold. Thereafter, and on March 5, 1923, Walter Hodges, as trustee for the use and benefit of the City State Bank of Wilson, Okla., filed objection to the confirmation of the sale under said execution in so far as it affected lots 16, 17, 18, and 19, of block 26 of the town of Wilson, to which motion the Producers' State Bank, appellant herein, responded, asking that same be denied. The motion was heard by the court on April 5, 1923, and the court decreed that the sale should not be confirmed as to the lots above described. Thereafter the plaintiff filed motion for new trial, which was overruled. Plaintiff brings the case here on appeal by petition in error with case-made attached.

It appears that these lots were originally owned by one J. B. Cudd. In November, 1919, Cudd agreed to sell the lots to the defendant, Arch Clark. Cudd and wife executed a deed to Clark, conveying the lots in controversy, and then, in company with Clark Cudd went to the City State Bank of Wilson, of which Walter Hodges was president. That bank then and there advanced to Arch Clark sufficient money to pay for these lots. Clark gave his check to Cudd for the purchase price. The deed executed by Cudd was left in the bank and never recorded. Sometime thereafter Arch Clark and his wife executed a mortgage to that bank, to wit, the City State Bank of Wilson, Okla., to secure this money and other sums advanced for the purchase of houses which were moved upon the lots. This mortgage was never recorded, but was held at this bank, together with the deed from Cudd to Clark. Clark took possession of the property. Cudd at that time parted with all control over the deed and the property and never thereafter asserted any interest therein.

On November 3, 1923, and after the Producers' State Bank obtained its judgment against Clark, the City State Bank of Wilson, which had in its possession the deed made by Cudd to Clark and which then also held and claimed a lien under the mortgage given by Clark unto it, proceeded, without formally relinquishing its claim under this mortgage, to obtain and did obtain from Cudd a deed purporting to convey the lots in controversy from Cudd and wife to Walter Hodges, as trustee for the City State Bank of Wilson, of which he was president. This bank never did obtain a deed from Clark and no act was done by which the parties or any of them undertook to cancel the title conveyed by Cudd to Clark, as aforesaid, or to have Clark relinquish his claims thereunder.

In the motion filed by Walter Hodges, as trustee for the City State Bank, he alleged that the premises were in fact owned by the City State Bank of Wilson by virtue of this trust deed from Cudd to Hodges, as trustee of said bank, said trust deed having been executed some six weeks after the judgment was rendered in favor of the Producers' State Bank, as aforesaid. He claimed the right to file this motion as trustee for the City State Bank of Wilson by virtue of section 211, Comp. Stat. 1921, which, in part, reads as follows:

"An executor, administrator, guardian, trustee of an express trust, a person with whom, or in whose name, a contract is made for the benefit of another, or a person expressly authorized by statute, may bring an action without joining with him the person for whose benefit it is prosecuted."

In his motion, and at all times during the trial, he ascertained and appeared to have no authority as trustee for the bank, except as the holder for the benefit of the bank of whatever title he may have acquired by virtue of this trust deed. His pleading is, in fact, so indefinite as to whether he appears individually or as trustee, it is almost an act of grace to hold that he is in court even as trustee for the bank. The City State Bank of Wilson filed no pleading or motion in the case and made no appearance in the case, except so far as its trustee represented it in presenting its claims under this trust deed.

The case went to trial upon the objection to confirmation of sale made by Hodges in his capacity of trustee aforesaid, and upon the response thereto filed by the Producers' State Bank. During the trial Hodges,

through his attorney, appeared to overlook the fact that the City State Bank was not a party to the proceedings. The court rendered judgment sustaining what it termed the objections of the City State Bank, although the objections were in fact only those of the trustee asserted for the benefit of the bank. The journal entry of judgment is so uncertain as to whether the City State Bank had obtained a judgment in its own name that the Producers' State Bank, on appealing the case to this court, names the City State Bank in its petition in error as a defendant in error here.

Appellant first contends that the court was without jurisdiction to entertain the motion objecting to the confirmation of sale interposed by Walter Hodges for the benefit of the bank on the grounds that neither he nor the bank were parties to the original action between the Producers' State Bank and Clark. This contention is set at rest by reference to the case of Sparks v. City National Bank, 21 Okla. 827, 97 Pac. 575, wherein this court held, in an opinion by Mr. Justice Turner:

"Where land has been sold on execution, any person claiming to be the owner thereof and interested in defeating the sale, may, although not a party to the suit, move the court to set aside such sale."

We do not deem it advisable to change this established practice no matter how reluctant we might be to approve it were the question first presented at this time. It must be observed, however, that under such procedure the court's decree affects only those persons who are parties to the suit or who involuntarily appear and join in the action. Appellant likewise contends that on authority of Johnson v. Filtsch, 37 Okla. 510, 138 Pac. 165 (on rehearing, 47 Okla. 64, 138 Pac. 806), and Jefferson v. Gallagher, 56 Okla. 405, 150 Pac. 1070, Walter Hodges, as trustee of the bank, had no right to enter on behalf of the bank his objections to the confirmation. Walter Hodges in his pleadings specifically stated that the deed was taken for the use and benefit of the City State Bank, and his motion was filed in his capacity as trustee. As we shall hold the deed to be a nullity, we need not pass upon the question as to whether the cestui que trust should have been made a party to these proceedings where the trustee was claiming the right to proceed under section 211, Comp. Stat. 1921.

We are unable to determine from the record on exactly what theory the lower court reached its conclusions that the sale could not be confirmed. We are not willing to adopt or approve the theories advanced by counsel for defendant in error in their briefs. The testimony of the witnesses produced by Walter Hodges, trustee, conclusively shows that J. B. Cudd abandoned, tranferred, conveyed, and relinquished all his right, title, interest, and estate in these lots in 1919, when he executed a deed to Arch Clark and received from Arch Clark, the defendant herein, the purchase price agreed upon. Walter Hodges, as president of the City State Bank, and other officers of the bank as well as the defendant insisted that the deed from Cudd to Clark was left in the bank in escrow to be delivered to Clark only when the indebtedness of Clark to the bank was liquidated. Clark took possession of the property at that time. No one in his testimony intimates that the title to these lots stood in abeyance from the time this deed to Clark was deposited with the bank until the City State Bank secured a second deed from the grantor, Cudd, in 1922, after the judgment rendered in favor of the appellant. The deed is only evidence of the title and ownership of the land. At the time Cudd left this deed with the City State Bank of Wilson, he parted with all control over the deed and the title to those lots and the lots themselves, and that constituted delivery.

The mere fact that Arch Clark agreed to leave his deed on deposit with the City State Bank did not even give the bank title to the premises or deprive Clark of such title or permit title to remain in Cudd. When the City State Bank thereafter took a mortgage from Clark upon this property, it recognized title in Clark, and is not now in a position to deny delivery of this deed to Clark.

Since J. B. Cudd had no further interest in the property, he could not by virtue of his deed of November 11, 1922. transfer any title to Walter Hodges or the City State Bank. This deed was executed after the judgment rendered in favor of the Producers' State Bank. It was received from a man who had no interest in the property. It is a nullity.

During the trial and over the objections of the Producers' State Bank there was introduced in evidence the notes given by Clark to the City State Bank of Wilson and the mortgage given to that bank to secure the same, and also a bill of sale which had been given by another party unto Clark for some vacant rent houses which Clark had thereafter moved onto these lots, and which bill of sale had been assigned by Clark in writing unto the City State Bank of Wilson. These notes, mortgage, and the assignment

of the bill of sale are made to the bank in its own name and Walter Hodges does not appear therein as trustee or in any other representative capacity.

The lower court apparently lost sight of the identity of the only two parties which were before it, to wit, the Producers' State Bank on the one hand, and Walter Hodges, as trustee, on the other, and apparently overlooked the fact that the only issue which was framed by the pleadings, or could have been framed by the parties before it, was what title or interest, if any, Walter Hodges, as trustee, had in the property in controversy.

During the trial, when objections were made by the Producers' State Bank to the introduction of these notes, mortgage, and bill of sale, the court said:

"If it develops in the proof that he did hold a mortgage, I think he ought to be permitted to produce proof. He may amend."

To this ruling of the court the Producers' State Bank excepted. Now, it did not develop that Hodges had any claim under the notes, mortgages, and bill of sale, and, therefore, he could not have amended under this conditional leave of the lower court so to do, and in fact he did not amend.

We, therefore, hold that the notes, mortgages, and bill of sale and assignment thereof were wholly immaterial as to any issues raised by the objections to the confirmation of the sale and the response thereto, or as to any issue which could have been raised by the two parties before the court, to wit, Producers' State Bank and Walter Hodges as trustee.

So holding, it is not necessary for us to pass upon the question as to whether the mortgage could have been received in evidence without the payment of the tax placed thereon as required by section 9552, Comp. Stat. 1921, or whether the City State Bank of Wilson, by taking the trust deed from Cudd and asserting title thereunder, waived its right to assert the inconsistent claim of a lien under a mortgage theretofore given to it by Clark. Neither do we determine whether the holder of a mere lien upon real estate may intervene to object to the confirmation of a judicial sale under the circumstances of the case, nor do we determine the priority of an unrecorded real estate mortgage and a judgment lien.

The judgment of the lower court is, therefore, reversed, and the case remanded, with instructions to confirm the sheriff's sale of the real estate in controversy and to deny in toto all relief sought by Walter Hodges, trustee.

JOHNSON, C. J., and BRANSON, HARRISON, and WARREN, JJ., concur.