**BOVIARD SUPPLY CO. et al. v. AMERICAN NAT. BANK et al.**

No. 17095—Opinion Filed Oct. 19, 1926.

Rehearing Denied Feb. 15, 1927.

**1. Receivers—Scope of Hearing on Return of Sale of Real Estate.**

The hearing on a return of sale of real estate is confined to the matter of confirming or rejecting the sale according to the provisions of section 709, C. O. S. 1921. The scope of the hearing is confined to the face of the proceedings to determine whether the sale has been made in a regular manner according to law.

**2. Same—Inquiry into Fraud.**

However, the court may go in to matters of fraud in the hearing which appear on the face of the proceedings or are charged in proper pleadings.

**3. Same—Order Confirming Receiver's Sale not Sustained.**

Record examined; held, to be insufficient to support judgment.

(Syllabus by Williams, C.)

Commissioners' Opinion, Division No. 2.

Error from District Court, Creek County; Fred A. Speakman, Judge.

Separate actions on the part of Boviard Supply Company and other plaintiffs against the Glasco Oil Company. Order entered consolidating causes for trial. Boviard Supply Company and other parties to the action appeal as plaintiffs in error from the order of the court confirming sale of property. Reversed and remanded.

Walker & Lewis, for Oil Well Supply Company.

Hughes, Foster, & Ellinghausen, for plaintiffs in error Boviard Supply Company et al.

D. K. Robertson, for defendants in error.

Opinion by WILLIAMS, C. The Glasco Oil Company and certain others of the defendants in error, which will hereinafter be referred to as the Glasco Oil Company et al., were the owners of a certain oil and gas mining lease in Creek county, Okla. On the 21st day of April, the Boviard Supply Company, plaintiff in error, commenced an action against the Glasco Oil Company et al., to foreclose a lien for material furnished in the drilling and operating on said leasehold. This action was numbered 11721 in the trial court. Afterwards, one W. T. Murphy and the Tulsa Rig, Reel & Manufacturing Company also filed separate actions against said Glasco Oil Company to foreclose liens for material furnished said Glasco Oil Company. All these actions were by order of the court consolidated and prosecuted together under No. 11721. All the other defendants in error were lien claimants, and were either made parties in the original action or became parties by pleas in intervention.

The American National Bank, defendant in

error, claimed a lien against the leasehold and equipment by virtue of a mortgage executed by the Glasco Oil Company, defendant in error, to the American National Bank. The American National Bank was not made a party to the original action, and was never represented until the original action had been prosecuted to judgment, and the status of the respective lien claimants fixed; notwithstanding the fact that the American National Bank, defendant in error, had made no appearance, and had not been brought in by process of the court, the court proceeded to and did render judgment for said bank and fixed the status of its lien. Later, on the 14th day of April, 1924, the American National Bank filed its motion, setting up the fact that it had not been made a party defendant and was not represented in the action, and asked that it be permitted to intervene, and that the judgment of the court theretofore rendered, in so far as it was concerned, be vacated or modified, fixing the status of its lien.

After the rendition of judgment and the fixing of the status of the various lien claimants, as hereinbefore stated, and after the appointment of a receiver to take possession of the leasehold and equipment thereon, an order was issued by said court directing the receiver to sell the property under the judgment. The receiver advertised the property for sale; however, the sale was prevented by the filing of bankruptcy proceedings in the United States District Court by the Glasco Oil Company. That on the 8th day of March, 1924, an order of dismissal in said bankruptcy proceedings was entered in said United States Court. This dismissal was entered upon stipulation of all parties to the action except the American National Bank. The stipulation, after requesting a dismissal of the case and agreeing to a sale of the property by the receiver, contained this further provision:

"It is further stipulated and agreed that the undersigned creditors, to wit: the Boviard Supply Company, Tulsa Rig, Reel & Manufacturing Company, the Oil Well Supply Company, the Gantz Tank Company, the Braden Company, the Independent Torpedo Company, Smith Separator Company, Nicholson, do hereby guarantee a bid of not less than $75,000 (Seventy-five Thousand Dollars) on said property at said sale.

"(Signed by all the foregoing parties)."

The receiver sold the property April 5, 1924, as shown by his report filed in said case as of July 11, 1924, to W. M. Boviard, H. N. Gardner, and Charles W. Flint, as trustees of the B. O. T. Oil Company, an

unincorporated association, for $75,000, and prayed for a confirmation of said sale. On April 3, 1925, the receiver applied to the court for leave to sell certain material belonging to the oil and gas mining lease. April 6, 1925, an order of the court was made and entered authorizing the sale, and on June 4, 1925, the receiver filed his report, showing that he had sold to Solon Petroleum Supply Company certain surplus material consisting of casing and casing supplies on said lease for $3,750. On June 4, 1925, the court approved the sale made by the receiver to the Solon Petroleum Supply Company. On June 19, 1925, the American National Bank filed a motion to confirm the sale made by the receiver on the 5th day of April, 1924, and on the same day, the 19th day of June, 1925, the Tulsa Rig, Reel & Manufacturing Company, the Oil Well Supply Company, and the Boviard Supply Company, made application to the court for an order directing the receiver to advertise and resell all the assets of the judgment debtors, including the oil and gas mining lease, machinery, and equipment thereon. On July 1, 1925, the court made an order confirming the sale made by the receiver on April 5, 1924. It is from the order confirming the receiver's sale of April 5, 1924, that this appeal is prosecuted.

The plaintiff in error relies upon four assignments of error, but it is unnecessary to set out such assignments of error in full, as the only contention contained in assignments 1, 2, and 3, are that the court erred in holding that W. M. Boviard, Charles W. Flint, and H. N. Gardner, trustees of the B. O. T. Oil Company, were acting as agents of the B. O. T. Oil Company in the bid of $75,000.

The fourth assignment is to the effect that the court erred in confirming said sale, for the reason that under order of the court the trustees had sold $3,750 worth of the property purchased by the B. O. T. Oil Company.

The authority of the court to confirm or reject the sale is to be found at section 709, C. O. S. 1921, which is as follows:

"If the court, upon the return of any writ of execution, for the satisfaction of which any lands or tenements have been sold, shall, after having carefully examined the proceedings of the officer, be satisfied that the sale has, in all respects, been made in conformity to the provisions of this article, the court shall direct the clerk to make an entry on the journal that the court is satisfied of the legality of such sale, and an order that the officer make to the purchaser a deed for such lands and tenements; and the officer, on making such sale, may retain the purchase money in his hands until the

court shall have examined his proceedings as aforesaid, when he shall pay the same to the person entitled thereto, agreeably to the order of the court."

The return of the receiver shows that the property was sold to W. M. Boviard, H. N. Gardner, and Charles W. Flint, as trustees of the B. O. T. Oil Company, an unincorporated association.

The court in the confirmation of the sale found that the property was sold, according to the return of the receiver on file, to the B. O. T. Oil Company, and that the bid for said property was made for the said B. O. T. Oil Company by its agents W. M. Boviard, H. N. Gardner, and Charles W. Flint. That they, the said W. M. Boviard, H. N. Gardner, and Charles W. Flint, were then acting for and as agents of the Boviard Supply Company, the Oil Well Supply Company, and the Tulsa Rig, Reel & Manufacturing Company.

No statement or reference is made in the return of the receiver that the trustees of the said B. O. T. Oil Company were acting in the capacity of agents for any person or corporation at the sale. In fact, the report of the receiver is to the contrary, and states that the property was purchased by W. M. Boviard, H. N. Gardner and Charles W. Flint, as trustees of the B. O. T. Oil Company, and the finding of the court that they were acting as agents of the Boviard Supply Company, Oil Well Supply Company, and Tulsa Rig, Reel & Mfg. Company, was contrary to the report of the receiver and supported by no evidence in the record.

The court found that all the proceedings had under the order of sale were regular and in conformity with the law. Upon such finding it was the duty of the court to confirm or reject the sale. The whole duty of the court on a motion to confirm is to see that the proceedings of the officer have been in conformity with the law.

It has been held by the Supreme Court of Kansas in the case of Benz v. Hines, 3 Kan. 393:

"The court in exercising power conferred" by this section "should either set aside or confirm the sale made, and it has no power to modify terms."

The same court in the case of Challis v. Wise et al., 2 Kan. 193, held:

"When the plaintiff in error claimed confirmation of a sale of land belonging to H. and C., under a decree of foreclosure and order of sale, the plaintiff in error being the purchaser, and where the defendants in error objected to the confirmation on the grounds that they had bid in the same property under an execution in their own favor, against said H. and C., levied previous to plaintiff's mortgage, the proceedings had under the order of sale being regular; held, that the whole duty of the court below, on such motion, is to see that the proceedings of the officer have been in conformity with the law, that it cannot go behind the order of sale, nor receive any evidence, except as to the regularity of the proceedings, and that the ruling of the court below refusing to confirm the sale, was error."

The sixth paragraph of the syllabus in the last-named case is as follows:

"The order of confirmation is an adjudication merely that the proceedings of the officer as they appear of record, are regular, and a direction to the sheriff to complete the sale."

See, also, Crow v. White Wing, 3 Kan. 276; Koehler v. Ball, 2 Kan. 160. Ankam v. Zantzinger (Md.) 51 Atl. 93.

The statute of Oklahoma in relation to the procedure for confirming judicial sales is similar to that of Kansas.

In the case of Ohio Life Ins. Co. v. James Goodin et al., 10 Ohio St. 557, the Supreme Court of Ohio, in the third paragraph of the syllabus, held:

"In the exercise of the power conferred by the statute, the court should either confirm or set aside the sale, but should not modify its terms."

We have made a careful examination of the authorities cited by the appellee, American National Bank, and find that they in no wise change the rule established by the Supreme Court of Kansas and the Supreme Court of Ohio, but in every case where the court admitted evidence to contradict, modify, or change the returns of the officer, showing regularity upon their face, it has resulted in the allegation of fraud, or the returns have shown upon their face, as in the case of Dewey et al. v. Linscott, 20 Kan. 684, that the bid was so grossly inadequate as to reflect fraud upon its face. In the body of the opinion in the Dewey-Linscott Case, Judge Brewer said:

"Mere inadequacy of price is not sufficient cause for setting aside the sale * * * unless the inadequacy is so great as to be evidence of fraud or unfairness in the sale."

Plaintiff in error's second proposition is as follows:

"Where there has been a material change in the value of the property or deficiency in the quantity of property sold between the day of sale and time of confirmation, the purchaser may resist confirmation, and will not be compelled to comply with his purchase."

Under this proposition the plaintiff in error insists upon a reversal of the case by reason of the lapse of time intervening between the sale and confirmation thereof. We think there is no merit in this contention. The court will not be justified, without some evidence to support the finding that the property has depreciated in value between the sale and confirmation thereof.

Plaintiff in error in his fourth assignment complains that after the B. O. T. Oil Company had purchased the property for $75,000, the court made an order directing the receiver to sell certain of the property which the plaintiff in error contends was included in and a part of the property purchased by the B. O. T. Oil Company, and that such property was sold to a party other than the B. O. T. Oil Company for the sum of $3,750. There is no merit in this contention. The order of the court directs the receiver to sell surplus property, and the receiver's report shows that he complied with the order of the court and sold surplus property. Black's Law Dictionary (2nd Ed.) defines "surplus" as:

"That which remains of the fund appropriated for a particular purpose; the remainder of a thing; the overplus; the residue."

Also in vol. 8, Words & Phrases, page 6816, First Series, "surplus" is defined as follows:

" 'Surplus' is defined as overplus; that which remains when use is satisfied; excess beyond what is prescribed or wanted in law; the residue of an estate after the debts and legacies are paid.' People Fire Ins. Co. v. Parker, 35 N. J. Law (7 Vroom) 575, 577."

Appellee, American National Bank, lays considerable stress upon the stipulation filed in the United States District Court and heretofore quoted in this opinion, wherein the Boviard Supply Company, the Oil Well Supply Company, and the Tulsa Rig, Reel & Manufacturing Company, together with the other judgment creditors, agreed to guarantee a bid for the property for $75,000. It appears that a copy of this stipulation became a part of the files in the office of the court clerk in Creek county, but it does not appear from the record that said stipulation was certified to, neither was the same offered in evidence nor otherwise identified. Upon an examination of this stipulation we find the same does not contain that which the judgment of the court finds that it does contain, but it does show that the plaintiff in error, together with W. N. Boviard, Charles W. Flint, and H. M. Gardner, would guarantee a bid for a sum not less than $75,000. The phrase used in the stipulation

being "* * * guarantee a bid * * *" whereas, the order of the court confirming the sale states that the signers of the stipulation, among whom were the Boviard Supply Company, the Oil Well Supply Company, and the Tulsa Rig, Reel & Manufacturing Company, guarantee to bid the sum of $75,000. It was upon this stipulation that the court found that the B. O. T. Oil Company and its trustees were acting as agents of the plaintiff in error.

For the reasons stated, the judgment is reversed, with order to the trial court to set aside and vacate the order of confirmation of sale under date of July 1, 1924, confirming the receiver's sale of April 5, 1924.

By the Court: It is so ordered.

Note.—See under (1) 35 C. J. p. 46, §65 (Anno); p. 48, §67. (2) 35 C. J. p. 48, §67½ (3) 4 C. J. p. 1129, §3122.