## SEVERSON v. BEMORE et al.

No. 19099. Opinion Filed June 4, 1929.

J. S. Severson, for plaintiff in error.

M. C. Spradling (Linn & Spradling, of counsel), for defendant in error American National Bank of Beggs.

JEFFREY, C. On June 3, 1924, Charley Bemore, as guardian of Lewis Bemore, obtained a judgment in the district court of Tulsa county against J. S. Severson on a promissory note secured by a mortgage on certain real estate in Tulsa county. The

mortgage was foreclosed and the real estate ordered sold to satisfy the mortgage lien. Certain payments were made on the judgment, and on August 28, 1925, Lewis Bemore, who had reached his majority, assigned the judgment to the American National Bank of Beggs, Okla. A special execution or order of sale was issued, but returned without a sale. On January 20, 1926, another execution was issued and the property sold at sheriff's sale to the American National Bank of Beggs. On March 2, 1926, the bank filed its motion to confirm the same, and on March 6, 1926, the defendant, Severson, filed a written protest to the confirmation of the sale. A hearing was had on the motion to confirm and the protest, resulting in a denial of the protest and a confirmation of the sheriff's sale. From this order defendant, Severson, has appealed.

The principal ground of objection to the confirmation of the sheriff's sale was that, prior to the issuance of the special execution, Lewis Bemore and defendant had entered into a written agreement which recited that defendant had already paid a part of said judgment and agreed to pay the balance in a certain manner. The agreement further provided that, in consideration of the settlement agreed upon, Lewis Bemore would release the judgment, and would withhold the issuance of execution until the matter could be fully settled. The written agreement was offered in evidence at the hearing on defendant's objection, and it was contended by defendant that the agreement constituted a release of the judgment lien, and that the execution thereafter issued was invalid. It was not contended that the judgment had been paid in full, but the record discloses that there was a balance owing by reason of the judgment. But it is contended that the written agreement amounted to a satisfaction or release of the judgment lien; and that Lewis Bemore, who was the real judgment creditor in interest, accepted other promises and conditions in the place of his judgment. It is not contended that the proceedings had under the order of sale were irregular or not in conformity with the law, but the defendant sought to have the sale disapproved by the production of evidence other than that appearing of record and which did not relate to the regularity of the proceedings of the officer conducting the sale. The record discloses that the sale proceedings are regular, and that the sale was made, in all respects, in conformity to the requirements of the law. The judgment of the court recites that, having carefully examined the proceedings of

the sheriff under the special execution or order of sale, it was found that said sale had in all respects, been made in conformity to law. The duty of the court, when such a sale is presented for confirmation, is prescribed by section 709, C. O. S. 1921, which is as follows:

"Confirmation of Sale. If the court, upon the return of any writ of execution, for the satisfaction of which any lands or tenements have been sold, shall, after having carefully examined the proceedings of the officer, be satisfied that the sale has, in all respects, been made in conformity to the provisions of this article, the court shall direct the clerk to make an entry on the journal that the court is satisfied of the legality of such sale, and an order that the officer make to the purchaser a deed for such lands and tenements; and the officer, on making such sale, may retain the purchase money in his hands until the court shall have examined his proceedings as aforesaid, when he shall pay the same to the person entitled thereto, agreeable to the order of the court."

This provision of the law was taken from Kansas and received the interpretation of the Supreme Court of that state prior to its adoption by this state. It has been repeatedly held by the Supreme Court of Kansas that the order of confirmation is an adjudication, merely, that the proceedings of the officer, as they appear of record, are regular, and a direction to the sheriff to complete the sale. It is further held that, on motion to confirm a sale, the court is only required to examine the proceedings of the officer to see that they have been made in conformity with the law; that the court cannot go behind the order of sale, nor receive any evidence except as to the regularity of the proceedings. Koehler v. Ball, 2 Kan. 154; Challiss v. Wise, 2 Kan. 188; White Crow v. White Wing, 3 Kan. 276.

These authorities and many others have been cited and approved by the Supreme Court of this state in making application of section 709, supra, and the rule above announced has been declared to be the law of this state in the following cases: Brazell v. Brockins, 95 Okla. 38, 217 Pac. 847; Bovaird Supply Co. v. American National Bank, 123 Okla. 245, 253 Pac. 92; Griggs v. Brandon, 132 Okla. 180, 269 Pac. 1052; Oklahoma Farm Mortgage Co. v. Hatcher, 106 Okla. 262, 234 Pac. 203.

The court did receive evidence offered by defendant for the purpose of showing that the judgment had been satisfied by the agreement, but this it was not required to do. As pointed out in the authorities cited above,

there are other proceedings for the purpose of challenging a judgment and sale on the grounds relied on in this case, and such grounds are not sufficient to warrant the court in rejecting a sale under execution when presented for confirmation. The trial court did all the law required of it. and its order made confirming the sale was rightly made. The judgment of the trial court is affirmed.

HERR, DIFFENDAFFER, HALL, and LEACH, Commissioners, concur.

By the Court: It is so ordered.

Note.—See "Executions," 23 C. J. §644, p. 662, n. 85.