## CITIZENS STATE BANK OF VICI v. BOGGESS et al.

No. 19768. Opinion Filed Dec. 23, 1930.

Leedy & Leedy, for plaintiff in error.

Tom L. Ruble and E. S. Collier, for defendants in error.

, REID, C. The Citizens State Bank of Vici, Okla., began this suit on June 3, 1927, against Lyman T. Boggess on a note given by him to the bank. With the usual allegations in the petition, it was further alleged that Boggess was a nonresident, and was the equitable owner under certificate of purchase of certain school lands in Ellis county, Okla.; and Emma Boggess, his wife, was made a party defendant upon the allegation that she claimed a homestead interest in the property, which claim plaintiff denied. The Board of Land Commissioners of Oklahoma was also made a party defendant as having the superior title in the land, and O. D. Bell was named defendant because of his possession of the land as tenant, but they are not involved here. Plaintiff prayed for judgment on its note, and for attachment against the land.

An attachment issued on June 4th, and was levied on the land described in the petition, but on October 3, 1927, it was set aside on consent of the plaintiff for irregularities in its issuance and levy, and an alias attachment was issued, and on October 4th was levied on the same land.

Lyman T. Boggess and his wife were first served by publication notice, and later, he was personally served, but neither answered, and on October 10, 1927, the plaintiff took judgment against Boggess on the note, and against him and all other defendants foreclosing its attachment lien on whatever interest Boggess had in the land and directing an order of sale to issue. An order of sale issued, was levied on the lands, and the sale was advertised for December 20, 1927; but on December 19, 1927, one Tom W. Boggess filed in the suit a motion to set aside the attachment of October 4th, claiming various irregularities in the attachment proceedings, and, further, that, on September 8, 1927, he had, for a valuable consideration, bought the land from Lyman T. Boggess and his wife, and received a deed thereto from them. He attached to his verified motion a copy of the purported deed, together with copies of certificates of purchase is-sued by the Commissioners of the Land Office of the state of Oklahoma to him on the lands in controversy. Later, in the course of the proceedings, Tom W. Boggess filed a motion to set aside the sale for irregularities, and also on the ground that he was the owner of the property when the attachment was levied, and when it was ordered sold by the court, and therefore it could not be taken for a debt of Lyman T. Boggess. The plaintiff filed separate motions, asking the court in one to strike the motion of Tom W. Boggess directed against the attachment proceedings, and also another to strike the motion filed by Tom W. Boggess asking that the sale be set aside; all plaintiff's motions alleging that the proceedings were regular and further that Tom W. Boggess was a stranger to the action and could not declare himself into the suit by filing said motions. In the meantime, the plaintiff also filed a motion to confirm the sale. The various motions were considered together by the court on the 4th day of April, 1928, and the court overruled all motions of the plaintiff, and sustained the motions of Tom W. Boggess, and the plaintiff brought this appeal.

It is the contention of the plaintiff that, if Tom W. Boggess was the owner of the land levied upon on October 4, 1927, it was his duty to file his plea of intervention as provided for by section 229, C. O. S. 1921, and that he could not, after judgment, obtrude himself into the action.

In the case of Sparks v. City Nat. Bank of Lawton, 21 Okla. 827, 97 Pac. 575, the bank sued O. G. Sparks, and attached certain real estate as belonging to Sparks. The wife of Sparks was not a party to the suit, but she filed a motion to dissolve the attachment, claiming to own the property under a deed made to her prior to the levy of the writ of attachment. Upon hearing, her motion was denied by the court, and she did not perfect her appeal. Later, judgment was obtained against Sparks and the property ordered sold to satisfy the debt under the attachment lien. When the property was sold, Mrs. Sparks filed a motion to set aside on the same ground set forth in her motion to dissolve the attachment, and offered to prove title in herself from her husband to the lots. The court excluded the evidence offered by her and confirmed the sale, and from this she appealed. This court reviewed the Kansas decisions in several cases, wherein that court had measured the effect of a Kansas statute, which is, in effect, the same as sec-

tion 229, supra, and announced the substance of its holding in the syllabus as follows:

"Where land has been sold on execution, any person claiming to be the owner thereof and interested in defeating the sale may, although not a party to the suit, move the court to set aside such sale."

The right of the trial court to entertain such motion seems in the opinion to have been regarded as authorized by what is now section 853, C. O. S. 1921, reading as follows:

"A motion is an application for an order, addressed to the court, or a judge in vacation, or by any party to a suit or proceeding, or one interested therein, or affected thereby."

The holding was reaffirmed by this court in the case of Producers State Bank of Wilson v. Clark, 102 Okla. 181, 228 Pac. 986, where the land had been levied on under a general execution. The trial court in the latter case tried out the issue of ownership and sustained the claim of the movant, but on appeal this court held that under the evidence the movant was the owner and reversed the case. The court did not err in overruling the motion of plaintiff to arbitrarily strike the motions of Tom W. Boggess attacking the attachment and sale.

The plaintiff next contends that, if the court was right in entertaining the motions of Tom W. Boggess to quash the attachment proceedings and to set aside the sale, still, the court erred in going further and sustaining the motions without any proof.

It may be conceded that, abstractly, the plaintiff's contention is correct, but it cannot be applied here to reverse the judgment, for it is a fundamental rule of law that, when a court of competent jurisdiction has rendered a judgment in relation to any subject-matter within its jurisdiction, the presumption arises that it had before it sufficient evidence to authorize it to award such judgment, and where facts were required to be proved to confer jurisdiction, that such facts were duly proved although the record is silent on the matter. 15 R. C. L. p. 878, sec. 356; Ross v. Alworth, 105 Okla. 155, 231 Pac. 885.

The plaintiff brought its appeal to this court by transcript and bill of exceptions. The action of the court upon the different motions is stated in the bill of exceptions, but there is no evidence or proof of any kind on the issue presented by the motions in the bill of exceptions. And the bill is silent on the question as to whether or not any proof was actually made. As the judgment in the case is presumed to rest upon proof, the plaintiff has the burden to show affirmatively that no proof was made before it may expect a reversal on the ground assigned.

It follows from what we have said that the judgment of the trial court must be affirmed, and it is so ordered.

TEEHEE, BENNETT, EAGLETON, LEACH, DIFFENDAFFER, HALL, and HERR, Commissioners, concur.

By the Court: It is so ordered.