**JETT et al. v. GROOMS et al.**

No. 20704. Oct. 24, 1933.

Rehearing Denied Dec. 5, 1933.

---

Mounts & Chamberlin, for plaintiffs in error.

Bailey & McLaury, for defendants in error.

ANDREWS, J. Heretofore this court in cause No. 10257, Grooms v. Grooms, dismissed the appeal for want of prosecution and rendered judgment against W. J. Jett and others, sureties on the appeal bond. Execution was issued on that judgment out of the trial court, which was levied on certain real estate, which real estate was sold at sheriff's sale. While the return of the sale as pending in the trial court for confirmation, Anna B. Jett intervened, alleged that the land belonged to her, and asked that the sale be set aside. W. J. Jett filed an affidavit in which he alleged irregularities in the proceedings, resulting in a final judgment. After a hearing was had, the sale was confirmed.

From that judgment Anna B. Jett appealed and W. J. Jett attempted to appeal. The record does not show that he gave notice of appeal, and he is not a proper party plaintiff in this case.

The only question presented on the appeal of which Anna B. Jett is entitled to complain, under the rule stated in Millard v. Nelson, 139 Okla. 56, 281 P. 238; Severson v. Bemore, 137 Okla. 50, 278 P. 327, Griggs v. Brandon, 132 Okla. 180, 269 P. 1052; Kline v. Evans, 103 Okla. 44, 229 P. 427; Brazell v. Brockins, 95 Okla. 38, 217 P. 847, and the provisions of section 456, O. S. 1931, is that the trial court erred in finding and determining that the property was not the property of the intervener, Anna B. Jett.

The finding and judgment of the trial court with reference to that issue is amply supported by the evidence, and that finding and judgment will not be disturbed.

The judgment of the trial court is in all things affirmed.

RILEY, C. J., CULLISON, V. C. J., and

SWINDALL, McNEILL, OSBORN, and BAYLESS, JJ., concur. BUSBY and WELCH, JJ., absent.