## LEXINGTON LAND CO. v. AMBRISTER.

No. 26218. Jan. 26, 1937.

Freeling & Box and Don Welch, for plaintiff in error.

John E. Luttrell and J. D. Holland, for defendant in error.

PER CURIAM. Defendant in error, E. L. Ambrister, obtained a valid judgment against one Mrs. E. M. Abernathy, now Howerton, in a proper action upon a promissory note. The judgment was rendered in January, 1934, in the sum of $6,032.50 together with interest and costs. No appeal was taken and the judgment is final. In October of 1934 an execution was issued in regular form directed to the sheriff of Cleveland county commanding the execution of the writ upon "the goods and chattels of said judgment debtor, Mrs. E. M. Abernathy, now Howerton—and for want of goods and chattels you cause the same to be made of the lands and tenements of the said debtor." Pursuant to the command of the writ the sheriff levied upon a certain farm as the property of the judgment debtor, and gave notice of a sale of the same as the property of the same judgment debtor to be held on December 3, 1934.

On November 7, 1934, plaintiff in error, Lexington Land Company, appeared in the above-described case and filed a pleading which it captioned "Application to Recall Execution." This pleading recites the issuance and levy of the execution upon the property in question and claims ownership in Lexington Land Company by virtue of a conveyance from the judgment debtor dated November 28, 1932. The application alleged irreparable injury would be done to its title by the sale and that the applicant's constitutional rights were invaded by the threatened sale. The application prays the recall of the writ and notice of sale. It was heard by the trial court upon November 24, 1934. The applicant's evidence disclosed that on November 28, 1932 (two days before the maturity of Ambrister's note), the judgment debtor executed a conveyance in favor of the applicant, Lexington Land Company, whereby she attempted to convey ten certain tracts of farm land comprising more than 1,400 acres, together with some 53 parcels of urban real estate situated in the town of Lexington. It likewise appears that similar transfers were attempted of all the judgment debtor's personal property, including certain livestock, implements, and other items relating to farming operations. By this conveyance the judgment debtor sought to divest herself of all property, except her homestead. The grantee of this conveyance, Lexington Land Company, plaintiff in error, is an express trust, established the same day the above-mentioned conveyance was made by an indenture in which the judgment debtor and one Gus Howerton (three months later her husband) declare as trustees for the holders of their certificates. Certain units of the trust's beneficial interest were issued to the judgment debtor as consideration for the conveyance of her property. Shortly after the conveyance to the trust the judgment debtor assigned all her beneficial interest in the trust to Howerton, upon the rather obscure consideration that he had advanced money to the trust. This assignment was followed by judgment debtor's resignation as trustee, from the date of which she claims to have no interest, contingent or otherwise, in her former estates.

The trial court, having heard the evidence of the parties at length, denied the application to recall execution. The sale was held and a motion filed to confirm the same. Plaintiff in error filed written objection to confirmation, which is predicated upon the

same ground as its application to recall execution. The objection was overruled by the trial court and the sale confirmed. A motion for new trial upon behalf of plaintiff in error was then filed and denied.

The case-made and briefs contain reference to an independent action in equity, brought by plaintiff in error against Ambrister and the sheriff of Cleveland county whereby plaintiff in error seeks, upon the same facts, to enjoin the sale of the land taken on execution. The cause in which execution was issued is numbered 10920 in the trial court. The action for injunction is numbered 12531. The trial judge certified the case-made to be the record of case No. 10920. No certification appears as to case No. 12531. No order of consolidation of the two cases appears in the record; and indeed consolidation of the two would have been improper. Case No. 10920 is properly before this court. Case No. 12531 is not before the court.

Error is urged in the failure of the trial court to recall its execution upon the application of plaintiff in error, in the order confirming the sale over the objection of plaintiff in error, and in the failure of the trial court to grant plaintiff in error a new trial, presumably upon its application to recall execution.

A close scrutiny of the evidence offered by plaintiff in error in support of its motion to recall raises certain very grave doubts of the validity of the conveyance upon which its claim of title is founded. The applicant's own evidence details a coincidence of fact in which many, if not all, of the characteristics of a conveyance in fraud of creditors are prominently apparent. However, a determination of the validity of Mrs. Abernathy's deed to the applicant is neither essential to the disposition of this appeal nor proper in the action in which error is urged.

Plaintiff in error, upon its application to recall the execution, seeks to raise, for summary disposition in Ambrister's case, the dispute impending between itself and the then unidentified purchaser at the sheriff's sale over the merits and defects of their respective claims of title to the real estate taken under execution. Whatever may be the outcome of the controversy between applicant and the purchaser at the sale, it must be apparent that the title to real estate may not be the subject of summary adjudication upon a motion to recall the execution. A motion to recall is of the same legal effect as a motion to quash. It is possible that a motion to recall may include in its scope an inquiry into the validity and propriety of the levy of the writ, which matter is more commonly presented in the limited form of a motion to vacate the levy. However, viewing the motion in its broadest aspect, and conceding to the applicant the widest scope of inquiry which the summary nature of its procedural vehicle can be accorded, the subject which it seeks to intrude for judicial disposition is still not susceptible of determination in the action in which it is tendered, and which is before this court upon appeal. This question has had the attention of a number of courts whose conclusion is aptly stated in 23 Corpus Juris, 470, where the following appears in summary:

"A motion to quash the levy is not a proper proceeding to try the question of title to property, and the court will not set aside a levy upon the motion of a party solely on the ground that the officer has seized property of a stranger to the writ, or on the ground that the judgment debtor has no interest in the property levied on. So the court will not entertain a motion by a stranger, whose property has been levied upon, to vacate the levy, because the court will not in this manner determine conflicting titles to property; the stranger will be left to the statutory method of trying his right to the property, or to a common-law action of trespass."

The application of plaintiff in error may be said to raise the question of the propriety and regularity of the judgment upon the face of the record, and the regularity of the issuance and levy of the writ. The proceedings of the officer are the proper subject of an inquiry upon such an application, as well as the form and contents of the writ itself. However, neither the application nor the evidence offered thereunder disclose any challenge to the validity of the judgment or the regularity of the writ of execution and the sheriff's proceedings thereunder. We, therefore, hold that there is no error in the refusal of the trial court to quash or vacate the execution or its levy.

The objection of the plaintiff in error to the confirmation of the sheriff's sale is predicated upon the same facts which it urges to support its application to recall the execution. This court has repeatedly held that the inquiry upon confirmation is limited to the regularity of the proceedings on the sale. Brazell v. Brockins, 95 Okla. 38, 217 P. 847; Bovaird Supply Co. v. American National Bank, 123 Okla. 245, 253 P. 92; section 456, O. S. 1931. It is true that under certain exceptional conditions of fact, the trial court is justified in refusing to confirm a sale upon equitable grounds. How-

ever, it is to be noted that these exceptions are limited to equitable considerations which affect or interfere with the procedural machinery of the sale, or which tend to impeach its adequacy to resolve value of the subject furnished by the appropriating writ or order. No case is called to our attention in which a court undertook upon confirmation to inquire into and certify the title to the property sold. A purchaser at a sheriff's sale buys at his own risk. The command of the execution was a levy and sale of the property of Mrs. Abernathy Howerton. The land in question was levied upon in her name. The property was offered at the sale as the property of the same defendant. The sheriff's deed will convey to the purchaser all the interest in such lands of the judgment debtor, and no more. By its confirmation of this sale, the court approved the transfer of that interest in the lands of which the judgment debtor was seized, be it partial or whole, vested or contingent. That the purchaser may be faced with litigation to perfect his title is no concern of the court upon confirmation. The parties to that controversy will be accorded a ready hearing in a proper action. We hold the trial court not to err in confirming the sale.

Upon the motion for new trial the same matters were urged that have been discussed in connection with the application to recall execution and the objections to confirmation. The motion was properly overruled.

The judgment of the trial court will be affirmed.

The Supreme Court acknowledges the aid of Attorneys R. B. McDermott, Charles A. Holden, and Booth Kellough in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of law and facts was prepared by Mr. McDermott and approved by Mr. Holden and Mr. Kellough, the cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration by a majority of the court, this opinion was adopted.

OSBORN, C. J., BAYLESS, V. C. J., and BUSBY, GIBSON, and HURST, JJ., concur.