PLANT v. SMITH et al.

No. 29331. March 9, 1943.

134 P. 2d 965.

Fred W. Martin, of Wagoner, for plaintiff in error.

Glen O. Young and A. L. O'Bannon, both of Sapulpa, for defendants in error.

BAYLESS, J. C. Plant appeals from an order of the district court of Creek county refusing to consider her "Objection to confirmation of sale," which she filed in an effort to have set aside a sheriff's sale of land seized as that of Morris Schuman at the instance of Smiths.

The Smiths, as judgment creditors, had general execution issued against the property of Morris Schuman, judgment debtor. The execution was levied against numerous parcels of real estate, all of which were separately sold at sheriff's sale. After return and motion to confirm, C. Plant, a stranger to the action in which the judgment was rendered, appeared and filed motion seeking to set aside the sale as to one parcel of the land so sold, and objection to confirmation of sale as to that parcel.

The pleading filed by Plant, denominated as above indicated, set out: (1) that she owned the property and it was seized and sold as the property of Schuman, and (2) the land was sold for less than two-thirds of the appraised value. The journal entry recites:

"Whereupon plaintiffs (Smiths) objected to the court considering said objection of C. Plant for the reason that said C. Plant was a stranger to this action, that the court had no jurisdiction to try title to claims of strangers on the said motion to confirm sale of real estate, and ask that said objection of C. Plant be stricken from this cause,"

—and

" . . . the court sustained said objection of plaintiffs and ordered said objections of C. Plant on motion to confirm sale be stricken and dismissed from this cause . . . ."

Plant urges here only that this order is erroneous on this theory:

"Where land has been sold on execution, any person claiming to be the owner thereof, and interested in defeating the sale, may, although not a party

to the suit, move the court to set aside said sale."

From this we assume she makes no complaint about the refusal of the trial court to consider her point that the property was sold for less than two-thirds its appraised value.

Plant calls our attention to Sparks v. City National Bank of Lawton, 21 Okla. 827, 97 P. 575, where it was held in paragraph 1 of the syllabus as follows:

"Where land has been sold on execution, any person claiming to be the owner thereof and interested in defeating the sale may, although not a party to the suit, move the court to set aside such sale."

She also cites Producers State Bank v. Clark, 102 Okla. 181, 228 P. 986, wherein the same rule is reiterated in paragraph 3 of the syllabus thereof, and wherein it is said:

"Appellant first contends that the court was without jurisdiction to entertain the motion objecting to the confirmation of sale interposed by Walter Hodges for the benefit of the bank on the grounds that neither he nor the bank were parties to the original action between the Producers State Bank and Clark. This contention is set at rest by reference to the case of Sparks v. City National Bank, 21 Okla. 827, 97 P. 575, wherein this court held, in an opinion by Mr. Justice Turner:

" 'Where land has been sold on execution, any person claiming to be the owner thereof and interested in defeating the sale, may, although not a party to the suit, move the court to set aside such sale.'

"We do not deem it advisable to change this established practice no matter how reluctant we might be to approve it were the question first presented at this time. . . ."

Plaintiff in error also cites Citizens' State Bank v. Boggess, 147 Okla. 37, 294 P. 185, and Cuberly Bros. Merc. Co. v. Boggess, 147 Okla. 39, 294 P. 186, wherein the above-quoted rule appears as paragraph 1 of the syllabus.

The defendants in error say:

"The proposition submitted by plaintiff in error, towit: 'Where land has been sold on execution, any person claiming to be the owner thereof and interested in defeating the sale, may, although not a party to the suit, move the court to set aside said sale,' is not denied. The stated proposition does not cover the question at issue herein. The proposition as stated by the plaintiff in error confines the issues to the question 'Who are proper parties that may file objections to the confirmation of real estate?' and does not touch upon the question at issue, 'What subject matters are proper grounds of objections to the confirmation of real estate?' "

Defendants in error cite Boviard Supply Co. v. American National Bank, 123 Okla. 245, 253 P. 92, paragraph 1 of the syllabus reading as follows:

"The hearing on a return of sale of real estate is confined to the matter of confirming or rejecting the sale according to the provisions of section 709, C. O. S. 1921. The scope of the hearing is confined to the face of the proceedings to determine whether the sale has been made in a regular manner according to law."

And from the opinion the following:

"The authority of the court to confirm or reject the sale is to be found at section 709, C. O. S. 1921. . . ."

And by citation and remarks they call our attention to Anson v. Anson, 169 Okla. 309, 36 P. 2d 915; Severson v. Bemore, 137 Okla. 50, 278 P. 327; Millard v. Nelson, 139 Okla. 56, 281 P. 238; Smith v. Curry, 155 Okla. 235, 9 P. 2d 19; Brazell v. Brockins, 95 Okla. 38, 217 P. 847.

Each side cites and discusses Lexington Land Co. v. Ambrister, 179 Okla. 86, 64 P. 2d 703. Defendants in error quote paragraphs 4 and 5 of the syllabus, and from the body of the opinion, as follows:

"The objection of the plaintiff in error to the confirmation of the sheriff's sale is predicated upon the same facts which it urges to support its application to recall the execution. This court has repeatedly held that the inquiry upon

confirmation is limited to the regularity of the proceedings on the sale. Brazell v. Brockins, 95 Okla. 38, 217 P. 847; Boviard Supply Co. v. American National Bank, 123 Okla. 245, 253 P. 92. Section 456, O.S. 1931.

". . . A determination of the validity of Mrs. Abernathy's deed to the applicant is neither essential to the disposition of this appeal, nor proper in the action in which it is urged.

". . . A purchaser at a sheriff's sale buys at his own risk. The command of the execution was a levy and sale of the property of Mrs. Abernathy Howerton. The land in question was levied upon in her name. The property was offered at the sale as the property of the same defendant. The sheriff's deed will convey to the purchaser all the interest in such lands of the judgment debtor, and no more. By its confirmation of this sale, the court approved the transfer of that interest in the lands of which the judgment debtor was seized, be it partial or whole, vested or contingent. That the purchaser may be faced with litigation to perfect his title is no concern of the court upon confirmation. The parties to that controversy will be accorded a ready hearing in a proper action. We hold the trial court did not err in confirming the sale."

Plant insists that in none of the cases cited and relied on by Smiths has this court consciously expressed any consideration of the Kansas history of section 456, O. S. 1931 (12 O. S. 1941 § 765), for had it done so none of those cases, and particularly the Lexington Land Co. Case, would have been written to the conclusion stated therein. Finally, she says:

"The Supreme Court should now either modify the ruling in the Lexington Case or expressly overrule all the other opinions since 1908 on this question so that the lawyers of this state can know what procedure to follow. Undoubtedly the Lexington Case will be overruled."

We believe what we have recited above illustrates the confusion in the views of the parties with respect to the issues tendered and decided by the trial judge. Their diversity of views goes beyond that which might be induced by the apparent confusion in our decisions. Plant's pleading tendered an issue of a lack of title on the part of Schuman as the basis for an objection to the confirmation of the sale, an issue that we have at times recognized and at other times refused to recognize as a proper objection. Smiths objected to considering this objection on the ground the trial court lacked jurisdiction, that is, the power to hear such an objection. This probably was too broad, for it was not a question of power to hear the issue but one of proper proceeding. This precise objection "was sustained." The parties differ in their statement of the issue we are to determine to settle their controversy.

Plant, as plaintiff in error, tenders for discussion, to settle the controversy, the proposition that a person, not a party to the action, whose land has been seized on execution and sold, may "move the court to set aside said sale." This unconditional proposition is then said to be supported by citation of cases holding that an objection to the confirmation of a sheriff's sale may be based on the ground the property sold was owned by someone other than the judgment debtor, by which we construe that Plant regards such an objection to the confirmation of a sale as a move to set aside a sale.

Smiths seek to narrow the issue to cover precisely whether lack of title of the judgment debtor is a proper basis for an objection to the confirmation of a sale.

We are of the opinion that Plant is correct when he says that a person, a stranger to an action, whose property has been seized and sold, may move to set aside the sale, if the term "move to set aside the sale" is regarded in a procedural sense as a direct attack on the seizure and sale. Likewise, we are of the opinion that Smiths are correct when they say that such an attack may not be made in the guise of an objection to the confirmation of a sale.

In the several cases cited and relied on by Smiths, the nature of the pro-

cedural step of considering a motion to confirm a sale and an objection thereto has been stated. It is, in this jurisdiction, a statutory procedure. See 12 O. S. 1941 § 765. In considering a motion to confirm a sale and the objections thereto, a court is called upon to determine whether what the officers have done in the issuing of the writ of execution and in the performance of the commands thereof is in conformity with the statutes governing the same. The language of State v. Harrower, 167 Okla. 269, 29 P. 2d 123, holding that courts might consider equitable principles does not mean that equitable issues relating to things other than those falling within the limits above stated may be injected into the proceedings at that stage. It means that the acts done by the officers may be weighed by equitable as well as legal or statutory aspects.

In considering this appeal, it should be kept in mind that judgment had been rendered as between those who were parties to the action. Nothing was left except the enforcement. Also, the writ of execution had been issued, and its commands had been fully performed, and it had been duly returned by the officer with his acts endorsed thereon. It was too late to move to quash the writ, or to move to recall it. When Smiths moved to have judicial approval thereof, they simply sought to have the court say that what the officer had done was in conformity to the statutes governing the issuing and levying of executions. It is our opinion the narrow scope of this statutory procedural step does not offer an opportunity to raise and determine an issue of title to the property sold.

It is to be observed that in some of the earlier cases cited and relied on by Plant, where unsuccessful efforts have been made to release property from seizure before sale, it was held that the adverse rulings thereon were not res adjudicata. Sparks v. City National Bank, 21 Okla. 827, 97 P. 575; Love v. Cavett, 26 Okla. 179, 109 P. 553, and Rader v. Gvozdanovic, 35 Okla. 421, 130 P. 159.

This undoubtedly arose out of a reflection upon the narrow design of the procedure by which the issue was raised. For a discussion of many of these cases and of cases wherein the stranger claiming the property intervened and filed a petition against which issues could in turn be raised, see Farmers State Bank v. Hess, 138 Okla. 190, 280 P. 305.

Our reference above to the stage of the action where Plant appeared and asked the court's help was made in advance of the preceding paragraph as a predicate for our statement now that decisions relating to motions to discharge property from attachment, prior to sale, offer very little analogy to the present situation. The issue before the trial court on the issue of confirmation and now before us on appeal could not arise on a motion to quash or recall execution, for on these latter motions the effort would be to stay the officer's hand, while here the officer has already done all he can do and has so reported to the court.

We observe that a great deal of attention has been paid to White Crow v. White Wing, 3 Kan. 276, in earlier decisions and by Plant. A careful consideration of that case shows that the motion to set aside the sale was made by the defendant in the action (the judgment debtor) and the issue revolved around the exemption of the land of defendant, seized and sold, from seizure by virtue of some restriction in favor of defendant because of his Indian blood. There was no stranger or third person involved who claimed title to the land and thus occupied a status similar to that of Plant in this matter. The discussion therein of what strangers to the action could do to free their land from an alleged unauthorized seizure was dictum. We have attempted to follow it in earlier decisions to our confusion.

In addition, it was pointed out in that case that it was not in all instances that the court ought to consider motions to set aside sales upon the claim by a stranger of title to the property sold. It was said that in instances where it

appeared there might be a substantial controversy on the issue of title, the court's discretion to not hear the issue at that stage of the proceedings would be respected. It was said that in cases where the title was clearly vested in a stranger, the court ought to so rule and end the matter. We think that in such a case there would be no contest, for it is not reasonable to suppose a judgment creditor would persist in selling or that a prospective purchaser would purchase property that incontrovertibly did not belong to the judgment debtor when seized. Thus, it seems, we are left with instances where the judgment creditor denies the claim of the stranger and takes issue therewith.

In such an instance the court should proceed to confirm the sale upon proper showing, and the purchaser would then be in a position to defend the title obtained against the attack of the stranger to the action. It is recognized, of course, that the title obtained by the purchaser at judicial sale is only such title to property as was owned by the judgment debtor, and the title is in no wise made better by the sale as to those who are strangers to the action. Lexington Land Co. v. Ambrister, supra.

We hold that a stranger to an action who claims title to land seized and sold as the property of a judgment debtor should proceed by an action to obtain some well-recognized legal or equitable remedy, and should not by motion to set aside the sale or objection to the confirmation of the sale attempt, at that stage of the action wherein he is not a party, to prevent a confirmation of the sale on an issue of lack of title. By discouraging and preventing interference of this type the parties to the action are enabled to confirm or not the sale on the basis of the regularity of the proceedings; and those who contend that they owned the property sold and that its seizure and sale were illegal may have their separate action to establish their rights. Sparks v. City National Bank, supra; Producers State Bank v. Clark, 102 Okla. 181, 228 P. 986; Citizens' State Bank v. Boggess, 147 Okla. 37, 294 P. 185, and Cuberly v. Boggess, 147 Okla. 39, 294 P. 186, and other cases holding similarly are expressly overruled; and likewise Crist v. Cosby, 11 Okla. 635, 69 P. 885, is overruled insofar as it is contrary hereto as limiting the nature of the relief sought in an action brought by a stranger for the purposes Plant has in view here. See Miller v. J. I. Case Threshing Machine Co., 149 Okla. 281, 300 P. 399. The case of Worley v. Mundell, 123 Okla. 237, 253 P. 42, relates to attachment and we do not consider it analogous.

The judgment of the trial court striking Plant's motion to set aside the sale and refusing to hear it is affirmed on the basis of such ruling tending to produce more orderly procedure.

CORN, C. J., GIBSON, V. C. J., and DAVISON and ARNOLD, JJ., concur. HURST, J., concurs in result. WELCH, J., dissents. RILEY and OSBORN, JJ., absent.