123 F.Supp. 141

### SULLENS & HOSS, Inc. v. ROBERTS.

No. A–10202.

District Court, Alaska. Third Division. Anchorage.

Sept. 1, 1954.

Bell and Sanders, Anchorage, Alaska, for plaintiff.

Wilson and Wilson, Anchorage, Alaska, for Harry Heckel, F. L. Richardson, and Vernon Anthony Luthman.

FOLTA, District Judge.

Alleging that they are the lawful owners of property sold upon execution in the above entitled case, Heckel, Richardson, and Luthman have moved that the sale be vacated. The plaintiff has countered with a motion to strike, on the ground that the movants are strangers to the suit and that the interposition of the motion is an unwarranted intrusion.

It appears that on March 30, 1953, the property involved was sold under a writ of execution; that a part thereof had previously been conveyed to Luthman by warranty deed recorded November 3, 1952, and that Heckel and Richardson claim a part thereof under a correction deed recorded June 18, 1953.

The question presents itself in a double aspect—whether an execution sale may be vacated on the motion of a bona fide purchaser where, prior to the judgment lien, the deed was (a) properly recorded, and (b) incorrectly recorded.

Some courts allow relief upon motion while others require resort to an independent proceeding, 33 C.J.S., Executions, § 239, p. 499. In Plant v. Smith, 192 Okl. 165, 134 P.2d 965, and Pecaravich v. Gilmore, 6 Alaska 108, relief upon objection to the confirmation of the sale was denied. But neither of those cases involved the precise question here presented, and the clear implication of Plant v. Smith, supra, 134 P.2d at page 968, is that where the title is not in dispute and the levy apparently wrongful, the sale may be set aside upon motion. Such is the situation in Luthman's case. Not only is there no dispute as to his title, but also, so far as Lots 4, 5, and 6 are concerned, there was a valid prior recordation of the deed, and the levy thereon was due to an oversight in the examination of the title records. I am of the opinion, therefore, that in these circumstances, and especially since it would be more in consonance with the spirit of the Federal Rules of Civil Procedure, 28 U.S.C.A., the motion to strike should be denied as to Luthman and his motion to vacate the sale granted.

Turning to the other aspect of the question, it is· at once perceived that the situation with reference to Heckel and Richardson is materially different. The original deed, recorded December 8, 1952, described the property as Lots 2 and 3 of the Jones Subdivision, whereas in the correction deed recorded June 18, 1953, the property was described as Lots 1 and 2 of the Roberts Subdivision No. 2. Between these dates the plaintiff recovered judgment, the property was levied upon and sold, and the sale confirmed. It is apparent that the question of title is too involved for disposition upon motion, and hence I am of the opinion that the motion to strike as to Heckel and Richardson should be granted.