## HOLCOMB OIL CO. et al. v. HOLCOMB et al.

No. 24532.     March 31, 1936.

Rehearing Denied April 28, 1936.

Louis W. Pratt, for plaintiffs in error.

C. A. Ambrister, Charles P. Gotwals, John T. Gibson, Wm. A. Killey, and James D. Gibson, for defendants in error.

PER CURIAM. This case was commenced in the district court of Muskogee county, Okla., by Lon Holcomb, as plaintiff, against the Holcomb Oil Company, defendant. The plaintiff below filed a petition in the district court alleging that the defendant was

insolvent and indebted to various parties in the state of Oklahoma to the amount of approximately $30,000; that the assets of said corporation did not exceed $25 000, and that the assets consisted of filling stations, tires, accessories, trucks, and automobiles used in said business, in Muskogee and Cherokee counties, Okla.; that the capital stock of said corporation was $50,000; and praying for the appointment of a receiver. On the day the petition was filed, and without notice, J. P. Solomon was appointed receiver of the defendant corporation, executed bond, and took over the assets of the defendant Holcomb Oil Company. Thereafter answers and interpleas were filed by the creditors of the Holcomb Oil Company. Under order of the court the receiver undertook to carry on the business of the Holcomb Oil Company which he did for several months at a loss to the company; resigned, and made his final report, and after a rather lengthy hearing at which considerable testimony was taken, the receiver was discharged and his bondsmen released. During this time C. A. Ambrister, as attorney for the plaintiff, was allowed for his service a fee of $500, by the court, to be taxed as a part of the cost, and the receiver, J. P. Solomon, was allowed a fee of $1,140 for his services, the same being taxed as a part of the cost of the action, making both C. A. Ambrister and the receiver creditors of the defendant company. H. C. Douglas was then appointed receiver of the defendant Holcomb Oil Company. He likewise undertook to carry on the business of the company, and did so for a few months and until the case was finally disposed of in the district court.

During the time Douglas was receiver under order of the court, receiver's certificates were issued in the amount of $1,500, "and such certificates shall bear interest and shall constitute a first and prior lien upon all of the assets of the Holcomb Oil Company in the hands of the receiver," and the same were sold to B. F. Green for the sum of $1,500, and this money used by the receiver for carrying on the business of the Holcomb Oil Company. Thereby Green became a creditor of the defendant Holcomb Oil Company. The business while operated by the receiver, Douglas, did not show any profit, and under various orders of the court the property was all sold, and it is the sale of the property and the manner in which the sales were conducted of which the plaintiff in this court complains.

The record in this case shows that all the personal and real property of the Holcomb Oil Company was sold by the receiver under order of the court; that notice was given, published in a newspaper as by law required, that the property of the defendant Holcomb Oil Company would be "sold to the highest and best bidder for cash" at a time and place designated in the notice. The sale was had and the receiver. H. C. Douglas, made his report into court that no cash bid was received by him, and "as an accommodation to C. A. Ambrister and J. P. Solomon, he sold the real and personal property to them to be entered as a credit upon their claims heretofore allowed in this court as compensation for their services as attorney and receiver." Notice was given by the receiver to the creditors of the defendant Holcomb Oil Company to present their claims on or before a certain date and the creditors presented their claims to the receiver, and the same were allowed. The personal property was sold to C. A. Ambrister for $175 and credited on his account as attorney for the receiver of the Holcomb Oil Company. No cash was bid by either Ambrister or Solomon. Motion to confirm the sale was not made by the receiver, Douglas, but the application to the court for confirmation was made by Ambrister and Solomon the purchasers of the property at the sale. After a hearing the court confirmed the sale to the said C. A. Ambrister and J. P. Solomon, and the consideration for the property was entered as a credit upon their accounts. Objections were made to the confirmation of the sale; motion for new trial was filed by the receiver representing himself and other creditors, all of which were overruled by the court. The foregoing are, briefly stated, the facts in this case.

The plaintiff in error in his motion for new trial alleges error and assigns several reasons why this case should be reversed, among which are:

"The court erred in denying and overruling the said motion of plaintiffs in error to set aside the purported order of confirmation rendered for J. P. Solomon and C. A. Ambrister. defendants in error, in that the said order of confirmation was contrary to law and unsupported by the evidence in that the purported sale of the property to the defendants in error was irregular and not in conformity with the order and notice of sale.

"That the court erred in its judgment and order of confirmation of sale and distribution of the proceeds of sale, in that the court permitted the defendants in error to credit the amount of their respective bids upon the respective claims of the defendants in error to the damage of the plaintiffs in error who were entitled to a ratable share in the distribution of the proceeds."

We do not deem it necessary to pass upon the other questions raised by the plaintiff in error.

Section 487, Okla. Stats. 1931, provides that at the sale of real property by receiver, such, sale shall be conducted in all respects the same as is provided by this Code for the sale of real estate upon execution. Sections 455 and 456, Okla. Stats. 1931, prescribe the manner and notice of sale and the confirmation thereof. The notice of sale in the instant case was that said sale would be made to the highest and best bidder for cash, fixing the time and place. That the sale was not so made is shown by the record in this case. The personal property of the Holcomb Oil Company was sold for $175 to one Ambrister, who was a creditor of the Holcomb Oil Company. No cash was paid, but, on the contrary, the sum bid was merely credited on his account. The real estate was sold, not as provided in the notice ("for cash to the highest and best bidder"), but in order to accommodate two creditors of the Holcomb Oil Company, to wit, J. P. Solomon and C. A. Ambrister. No cash was paid by either for real estate. This was not according to and in compliance with the order of sale and the notice of sale.

It is our opinion that this sale is voidable at the instance of other creditors similarly situated, for the reason that the record discloses that there are other creditors with equal priority with Ambrister and Solomon and these should have received their pro rata part of the assets of the Holcomb Oil Company. It is true that the receiver, Douglas, moved for a confirmation of the sale of the personal property, but this should not have been done because there were other creditors who stood upon an equal footing with the purchaser of the personal property, who merely gave credit on his account in the sum bid. While the receiver's certificates provide that they shall be a first and prior lien upon all of the property of the Holcomb Oil Company, we are not disposed to so consider their claim, but under all the circumstances surrounding these proceedings they are on an equal footing with the other creditors of the company.

It will be noted that the fee allowed to the receiver, J. P. Solomon, was $1,140; that his bid for the real estate of the Holcomb Oil Company was $1,032. Fee allowed to C. A. Ambrister as attorney for the plaintiff in the action in the lower court was $500; his bid for the personal property of the Holcomb Oil Company was $175. The record does not disclose that any fee was ever allowed the receiver, Douglas. or any ever taxed as cost in the case.

It is not necessary for us in this opinion to determine whether or not the court abused its discretion in its allowance of a fee to J. P. Solomon as receiver, and the failure to allow a fee to Douglas as receiver of the Holcomb Oil Company, but it is sufficient to say that there should be some explanation as to this action upon the part of the court.

In the case of Boviard Supply Co. v. American National Bank, 123 Okla. 245, 253 P. 92, it is held:

"The hearing on a return of sale of real estate is confined to the matter of confirming or rejecting the sale according to the provisions of section 709, C. O. S. 1921 (O. S. 1931, sec. 456). The scope of the hearing is confined to the face of the proceedings to determine whether the sale has been made in a regular manner according to law."

Further, in the case of Ohio Life Ins. & Trust Co. v. James Goodin, 10 Ohio St. 557, the Supreme Court of Ohio used this language:

"In the exercise of the power conferred by the statute, the court should either confirm or set aside the sale, but should not modify its terms."

We find from a careful reading of the record in this case that the purported sale of the real property of the Holcomb Oil Company was not sold pursuant to the order of the court, nor according to the notice of sale, and that upon a hearing the trial court should either confirm the sale or set the sale aside, and that it has no power to modify its terms at the time of sale and contrary to the notice that has been given and the order authorizing the sale.

Plaintiff in error further complains that there was an inequitable distribution of the proceeds of the sale. We think there is merit in this contention. that the money derived from the sale of the property should have been ratably distributed among all of the creditors of the Holcomb Oil Company standing upon the same footing, to wit: Claims of the plaintiffs in error; purchasers of the receiver's certificate; and others similarly situated. It would be a gross injustice for a court to make an order authorizing the sale of the receiver's certificates, the receiver being an officer of the court and the cash used from the sale of such certificates for the carrying on of the business over which the receiver was appointed, and then the property sold and the party furnishing the money precluded from sharing in the proceeds. Especially is this true when the receiver's certificates provide themselves, as in this case, that they are to be a first and prior lien upon

all of the property of the company. We think that the holder of the receiver's certificates does not have priority over the claim of Ambrister and Solomon, nor is he on an equal footing with them, but that his claim, although the certificates which he purchased under order of the court provided that they should be a first and prior lien upon all of the property and assets of the Holcomb Oil Company, does not give the purchaser of said certificates priority over the cost of the receivership. That the district court committed error in refusing to prorate the proceeds of the sale is manifest from the record in this case.

We therefore hold that the sale of the property of the Holcomb Oil Company to the defendants in error, J. P. Solomon and C. A. Ambrister, was not in conformity with the order of the court and was not according to the notice of sale, and that said sale should be set aside, and this case reversed for further proceedings consistent with this opinion.

The Supreme Court acknowledges the aid of Attorneys Thos. W. Champion and H. H. Brown in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of law and facts was prepared by Mr. Champion and approved by Mr. Brown, the cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration by a majority of the court, this opinion was adopted.

McNEILL, C. J., OSBORN, V. C. J., and BUSBY, PHELPS, and CORN, JJ., concur.